| | |
|---|---|
| 1 | ~~Edward R. Glady, Jr./Bar No. 009459~~ |
| | ~~SANDERS & PARKS, P.C.~~ |
| 2 | ~~3030 North Third Street~~Adam E. Lang (#022545) |
| | Matt Jarvey (#031350) |
| 3 | SNELL & WILMER L.L.P. |
| | One Arizona Center |
| 4 | 400 E. Van Buren, Suite ~~1300~~1900 |
| | Phoenix, ~~AZ 85012-3099~~Arizona 85004-2202 |
| 5 | ~~Direct Phone~~Telephone: 602.~~532.5646~~382.6000 |
| | ~~Direct Fax~~Facsimile: 602.~~230.5046~~382.6070 |
| 6 | ~~Email: Edward.Glady@SandersParks~~E-Mail: alang@swlaw.com |
| 7 | ~~Firm Email: Minutes@SandersParks.com~~ |
| 8 | mjarvey@swlaw.com |
| | *Attorneys for Plaintiff Frontier Airlines, Inc.* |

IN THE ~~SUPERIOR~~UNITED STATES DISTRICT COURT ~~OF~~

FOR THE ~~STATE~~DISTRICT OF ARIZONA

~~IN AND FOR THE COUNTY OF MARICOPA~~

| | | |
|---|---|---|
| Frontier Airlines, Inc.~~,~~. | | |
|    Plaintiff, | No. 2:20-cv-01432-ESW | |
|    v. | **AMENDED COMPLAINT** | |
| Menzies Aviation (USA), Inc.~~,~~. | | |
|    Defendant. | | |

~~For its Complaint,~~ Plaintiff Frontier Airlines, Inc. ("Frontier") alleges as follows:

**PARTIES**

~~**JURISDICTION AND VENUE**~~

1. Frontier is a ~~non-Arizona~~Colorado corporation registered and doing business in Arizona.

2. Defendant Menzies Aviation (USA), Inc., ("Menzies") is a ~~non-Arizona~~Delaware corporation doing business in Arizona.

**JURISDICTION**

~~4829-9845-6519~~



3. Because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

~~3.~~4. The incident at issue took place in Phoenix, Arizona.

~~4.~~5. This Court has both subject matter and personal jurisdiction over this matter and the parties.

~~5.   Venue properly lies in this County.~~
~~In April 2018,~~

**FACTS**

6. Frontier and Menzies ~~had~~entered into a contract ~~whereby~~called Standard Ground Handling Agreement – Simplified Procedure Annex B8.0 – Location(s), Agreed Services and Charges to the Standard Ground Handling Agreement (SGHA) of 2013 (the "Agreement"). Under the Agreement, Menzies ~~would perform~~was to provide certain ground handling services for Frontier ~~Airline aircraft~~ at the Phoenix Sky Harbor Airport in Phoenix, Arizona.

7. On April 1, 2018, ~~A~~a Menzies employee acting in the course and scope of his duties for Menzies was positioning a belt loader near the RI door of a 2006 Airbus A319-111, N947FR, (the "Aircraft"), at the time leased by and in use by Frontier for its airline operations. At the time, the Aircraft was on the ramp at Sky Harbor Airport.

8. Upon raising the belt loader boom, the Menzies employee's foot slipped off the brake and hit the accelerator instead, causing the belt loader to rapidly move forward and strike the Aircraft approximately two feet below the R1 door (the "Mishap").

9. The Aircraft was physically damaged by the impact of the belt loader.

10. Under the terms of the Aircraft lease, Frontier is responsible for all costs to repair the Aircraft because of the Mishap and any other costs arising from or related to the Mishap.

11. As a result of the Mishap, the Aircraft required physical repair and was out of service for a time while the repairs were carried out, requiring Frontier to replace it for its airline operations by leasing another aircraft.

12. Frontier also incurred other costs related to the Mishap.

13. Under the Agreement, Menzies is required to indemnify, defend and hold harmless Frontier from, among other things, all damages, losses and costs of any kind which in any way arise out of or result from act(s) or omission(s) of Menzies (or anyone directly or indirectly employed by Menzies or anyone for whose act Menzies may be liable) in the performance or non-performance of services under the Agreement.

4829-9845-6519

14. Under the Agreement, Menzies was required to carry out its services in conformity with Frontier's standards.

15. Menzies failed to conduct its services to Frontier in conformity with Frontier's standards.

16. Immediately after the Mishap, Frontier demanded that Menzies indemnify it for damages, losses and costs arising out of or resulting from the Mishap.

17. To date, Menzies has refused to indemnify Frontier as demanded.

**COUNT I**

**(Negligence)**

~~13.~~18. Frontier realleges each and every allegation set forth above as if fully set forth herein.

~~14.~~19. Menzies is liable for the unintentional, but unsafe conduct of its employees who are performing within the course and scope of their duties.

~~15.~~20. Menzies and its employees owed a duty of due care to Frontier to control and operate ground services equipment in a safe and prudent manner so as not to damage Frontier aircraft while Menzies carried out its ground services operations around such aircraft.

~~16.~~21. Menzies and its employees breached this duty by operating the belt loader in an unsafe equipment manner, causing the belt loader to impact the Aircraft, physically damaging it.

~~17.~~22. The physical damage to the Aircraft was actually and proximately caused by Menzies's and its employee's breach of their legal duties.

~~18.~~23. As a result, Frontier has been damaged by Menzies' negligence in an amount to be proven at trial.

**COUNT II**

**(Breach of Contract)**

24. Frontier realleges each and every allegation set forth above as if fully set forth herein.

25. Frontier and Menzies entered into the Agreement.

26. The Agreement was an annex to the SGHA, also entered into between Frontier and Menzies.

27. The Agreement and the SGHA were valid and enforceable contracts.

28. Menzies breached the Agreement, an annex to the SGHA, by failing to conduct the contracted-for services in conformity with Frontier's standards and policies.

29. Menzies independently breached the indemnification provision of the Agreement by failing and refusing to indemnify Frontier for damages, losses and costs arising out of and from the Mishap, upon Frontier's immediate demand.

30. Frontier has been damaged as a result of Menzies' breaches of contract in an amount to be determined at trial.

WHEREFORE, Frontier Airlines, Inc., prays for judgment to be entered in its favor against Menzies Aviation (USA), Inc., in an amount to be established at trial, for costs, prejudgment interest, all interest allowable at law, attorneys' fees pursuant to the Agreement and A.R.S. § 12-341.01, and for such other relief as the Court deems just and proper.

~~Respectfully submitted~~ RESPECTFULLY SUBMITTED this ~~31st~~11th day of ~~March~~August, 2020.

~~SANDERS & PARKS, P.C.~~
SNELL & WILMER L.L.P.

By: ~~/s/ Edward R. Glady, Jr.~~Adam E. Lang

~~Edward R. Glady, Jr.~~
~~3030 North Third Street~~Adam E. Lang
Matt Jarvey
One Arizona Center
400 E. Van Buren, Suite ~~130~~1900
~~Phoenix, AZ 85012-3099~~Arizona 85004-2202

*Attorneys for Plaintiff Frontier Airlines, Inc.*

4829-9845-6519