J. Gary Linder, Bar #020552
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Telephone: (602) 263-1700
Fax: (602) 200-7883
glinder@jshfirm.com

Attorneys for Defendant Menzies Aviation (USA), Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Frontier Airlines, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Menzies Aviation (USA), Inc., <br><br> Defendant. | NO. 2:20-cv-01432-ESW <br><br> **Defendant Menzies Aviation (USA), Inc.'s Answer to Plaintiff's Amended Complaint** |

Defendant MENZIES AVIATION (USA), INC. ("Menzies"), by and through its attorneys, hereby answers the Amended Complaint ("Complaint") of Plaintiff Frontier Airlines, Inc. ("Frontier") as follows:

## **PARTIES**

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Admits that Menzies is a Delaware corporation which performs services in the State of Arizona, and otherwise denies the allegations in Paragraph 2 of the Complaint.

## **JURISDICTION**

3. Admits that the parties are citizens of different states and that the alleged amount in controversy exceeds $75,000, and otherwise denies the allegations in Paragraph 3 of the Complaint.

8712094.1

4. Admits that on April 1, 2018 Menzies provided services for Frontier at Phoenix Sky Harbor International Airport in Phoenix, Arizona, and otherwise denies the allegations in Paragraph 4 of the Complaint.

5. Admits that this Court has subject matter jurisdiction over this matter, and otherwise denies the allegations in Paragraph 5 of the Complaint.

6. Admits that Menzies provided services for Frontier at Phoenix Sky Harbor International Airport in Phoenix, Arizona pursuant to the Standard Ground Handling Agreement of 2013 and applicable Annexes thereto, and otherwise denies the allegations in Paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10. Denies the allegations in Paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13. Admits that the Standard Ground Handling Agreement and applicable Annexes thereto address Menzies' indemnification obligations, and otherwise denies the allegations in Paragraph 13 of the Complaint.

14. Admits that the Standard Ground Handling Agreement and applicable Annexes

8712094.1

thereto contain obligations and standards, and otherwise denies the allegations in Paragraph 14 of the Complaint.

15. Denies the allegations in Paragraph 15 of the Complaint.

16. Admits that Frontier issued a demand for Menzies to indemnify it for damages stemming from the incident complained of in the Complaint, and otherwise denies the allegations in Paragraph 16 of the Complaint.

17. Admits that Menzies has not furnished payment to Frontier in connection with the incident complained of in the Complaint, and otherwise denies the allegations in Paragraph 17 of the Complaint.

## COUNT I

### (Negligence)

18. Menzies Aviation (USA), Inc. restates and incorporates by reference each and every allegation, admission and denial in Paragraphs 1 to 17 of this Answer as though fully set forth herein.

19. Denies the allegations in Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and otherwise leaves all questions of law contained therein to the Court for determination at the time of trial.

21. Denies the allegations in Paragraph 21 of the Complaint.

22. Denies the allegations in Paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

8712094.1

# COUNT II

## (Breach of Contract)

24.     Menzies Aviation (USA), Inc. restates and incorporates by reference each and every allegation, admission and denial in Paragraphs 1 to 23 of this Answer as though fully set forth herein.

25.     Admits that Menzies and Frontier entered into the Standard Ground Handling Agreement with its applicable Annexes, and otherwise denies the allegations in Paragraph 25 of the Complaint.

26.     Admits that Menzies and Frontier entered into the Standard Ground Handling Agreement with its applicable Annexes, and otherwise denies the allegations in Paragraph 26 of the Complaint.

27.     Admits that Menzies and Frontier entered into the Standard Ground Handling Agreement with its applicable Annexes, and otherwise denies the allegations in Paragraph 27 of the Complaint.

28.     Denies the allegations in Paragraph 28 of the Complaint.

29.     Denies the allegations in Paragraph 29 of the Complaint.

30.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

31.     The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

32.     This Court lacks personal jurisdiction over Defendant.

## THIRD AFFIRMATIVE DEFENSE

33.     Venue in this Court is improper pursuant to the parties' contractual agreement to

8712094.1

litigate disputes in the State or Federal courts of the State of Colorado, and pursuant to the doctrine of *forum non conveniens*.

### **FOURTH AFFIRMATIVE DEFENSE**

34. Plaintiff's damages, if any, were caused or contributed to by Plaintiff's own negligence or fault, by the negligence or other fault of third parties, and/or by other intervening or superseding causes, and Plaintiff's recovery, if any, should therefore be barred or reduced pursuant to the applicable law.

### **FIFTH AFFIRMATIVE DEFENSE**

35. Plaintiff failed to use reasonable diligence and due care to mitigate or otherwise reduce its damages, if any, and on this ground Plaintiff's recovery should be barred or reduced pursuant to the applicable law.

### **SIXTH AFFIRMATIVE DEFENSE**

36. Plaintiff's claims for economic losses are not recoverable in tort pursuant to the applicable law.

WHEREFORE, Defendant MENZIES AVIATION (USA), INC. respectfully demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting its liability, together with costs and disbursements and such other and further relief which this Court deems just and proper.

8712094.1

|   |   |   |
|---|---|---|
| 1 | DATED this 26th day of August 2020. | |
| 2 | 6 | JONES, SKELTON & HOCHULI, P.L.C. |

By /s/ J. Gary Linder
J. Gary Linder
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendant Menzies Aviation (USA), Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of August 2020, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

/s/ Jennifer Bernardo

8712094.1