# Exhibit B

1  Adam E. Lang (#022545)
   Matt Jarvey (#031350)
2  SNELL & WILMER L.L.P.
   One Arizona Center
3  400 E. Van Buren, Suite 1900
   Phoenix, Arizona 85004-2202
4  Telephone: 602.382.6000
   Facsimile: 602.382.6070
5  E-Mail: alang@swlaw.com
           mjarvey@swlaw.com
6
   *Attorneys for Plaintiff Frontier Airlines, Inc.*
7

8              IN THE UNITED STATES DISTRICT COURT

9                 FOR THE DISTRICT OF ARIZONA

10

11  Frontier Airlines, Inc.,

12          Plaintiff,                   No. 2:20-cv-01432-ESW

13      v.                               **PLAINTIFF FRONTIER AIRLINES, INC.'S INITIAL DISCLOSURE STATEMENT**

14  Menzies Aviation (USA) Incorporated,

15          Defendant.

16

17          Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Frontier

18  Airlines, Inc. ("Plaintiff" or "Frontier") makes the following initial disclosures based on the

19  information reasonably available to Plaintiff as of the date hereof.  Plaintiff reserves the

20  right, pursuant to the Federal Rules of Civil Procedure, to supplement and/or amend these

21  disclosures as discovery progresses in this action and based on additional information that

22  Plaintiff learns in this action, including, without limitation, any information Plaintiff learns

23  relating to the nature of the claims at issue in this litigation, any information Plaintiff learns

24  relating to Defendant's defenses and contentions, and/or any information Plaintiff learns

25  relating to any other issue relevant to this case.

26          By making these disclosures, Plaintiff does not represent that it is identifying every

27  document, tangible thing, or witness possibly relevant to this lawsuit.  Plaintiff's disclosures

28  are a good faith effort to identify information that it reasonably believes at this time it may

1    use to support its claims or defenses, as required by Rule 26(a)(1).

2         Plaintiff's disclosures are made without in any way waiving: (1) the right to object

3    on the grounds of competency, privilege, work-product doctrine, relevancy and materiality,

4    undue burden, or any other proper ground, or to the use of any such information for any

5    purpose, in whole or in part, in any subsequent proceeding in this action or any other action;

6    (2) the right to object on any and all grounds, at any time, to any discovery request or

7    proceeding involving or relating to the subject matter of these disclosures; and/or (3) the

8    right to seek protection under any Protective Order adopted by the Court.  By making these

9    initial disclosures, Plaintiff does not in any way assume the burden of establishing the

10   absence of a claim or defense for which Defendant bears the burden of affirmative proof.

11        All of the disclosures set forth below are made subject to the above objections and

12   qualifications.

**I.    THE NAME AND, IF KNOWN, THE ADDRESS AND TELEPHONE
13      NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE
        INFORMATION—ALONG WITH THE SUBJECTS OF THAT
14      INFORMATION—THAT THE DISCLOSING PARTY MAY USE TO
        SUPPORT ITS CLAIMS OR DEFENSES.**
15

16        Subject to the above, Frontier states that the following individuals are likely to have

17   discoverable information that it may use to support its claims:

18        1.    **Frontier Airlines, Inc.**, c/o Snell & Wilmer L.L.P., One Arizona Center, 400

19              E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone:

20              602.382.6000.  Representative(s) of Frontier is/are likely to have information

21              that Frontier may use to support its claims, including information pertaining

22              to Frontier's claims in this action, the relevant contracts between the parties,

23              the incident at issue in the lawsuit, the damages Frontier suffered as a result

24              of Menzies' conduct, and communications between Frontier and Menzies and

25              Menzies' insurance adjuster regarding the foregoing.

26        2.    **Carl Sykes**, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona

27              Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202,

28              Telephone:  602.382.6000.  Mr. Sykes is a senior treasury analyst for Frontier

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

1      and is likely to have information that Frontier may use to support its claims,

2      including information pertaining to Frontier's claims in this action, the

3      relevant contracts between the parties, the incident at issue in the lawsuit, the

4      damages Frontier suffered as a result of Menzies' conduct, and

5      communications between Frontier and Menzies and Menzies' insurance

6      adjuster regarding the foregoing.

7      3.      **Jake Filene**, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona

8              Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202,

9              Telephone:  602.382.6000.  Mr. Filene is the SVP of Customers for Frontier

10             and is likely to have information that Frontier may use to support its claims,

11             including information pertaining to Frontier's claims in this action, the

12             relevant contracts between the parties, the incident at issue in the lawsuit, the

13             damages Frontier suffered as a result of Menzies' conduct, and

14             communications between Frontier and Menzies and Menzies' insurance

15             adjuster regarding the foregoing.

16     4.      **Graham Gunner**, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One

17             Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-

18             2202, Telephone:  602.382.6000.  Mr. Gunner was a regional manager for

19             Frontier at the time of the incident that is at issue in the lawsuit and is likely

20             to have information that Frontier may use to support its claims, including

21             information pertaining to the incident at issue in the lawsuit, Frontier's

22             investigation of the incident, and the damages Frontier suffered as a result of

23             the incident.

24     5.      **Menzies Aviation (USA) Inc.**, c/o Jones, Skelton & Hochuli, P.L.C., 40

25             North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone:

26             602.263.1700.   Representative(s) of Menzies is or are likely to have

27             information that Frontier may use to support its claims, including information

28             pertaining to the relevant contracts between the parties, the incident at issue

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    in the lawsuit, Frontier's and Menzies' investigation of the incident, the

2    damages Frontier suffered as a result of the incident, Menzies' and/or its

3    insurance carrier's failure to reimburse Frontier for its damages, losses,

4    liabilities, and costs and expenses arising or resulting from the incident, and

5    communications between Menzies and Frontier and Menzies and Menzies'

6    insurance adjuster regarding the foregoing.

7    6.    **John Redmond**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C.,

8    40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone:

9    602.263.1700.  Upon information and belief, Mr. Redmond is the Executive

10   Vice President Americas for Menzies (USA), Inc. and is likely to have

11   information that Frontier may use to support its claims, including information

12   pertaining to the relevant contracts between the parties, the incident at issue

13   in the lawsuit, the damages Frontier suffered as a result of Menzies' conduct,

14   and communications between Menzies and Frontier and Menzies and

15   Menzies' insurance adjuster regarding the foregoing.

16   7.    **David Yanez**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C., 40

17   North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone:

18   602.263.1700.  Upon information and belief, Mr. Yanez worked for Menzies

19   at the time of the incident at issue in the lawsuit and prepared the incident

20   investigation report.  Mr. Yanez is likely to have information that Frontier

21   may use to support its claims, including information pertaining to the incident,

22   Frontier's and/or Menzies' investigation of the incident, the damages Frontier

23   suffered as a result of the incident, and communications between Menzies and

24   Frontier and Menzies and Menzies' insurance adjuster regarding the

25   foregoing.

26   8.    **Shantell Jordan**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C.,

27   40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone:

28   602.263.1700.  Upon information and belief, Mr. Jordan worked for Menzies

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    at the time of the incident that is at issue in the lawsuit and was the operator

2    involved in the incident.  Mr. Jordan is likely to have information that Frontier

3    may use to support its claims, including information pertaining to the incident,

4    Frontier's and/or Menzies' investigation of the incident, and the damages

5    Frontier suffered as a result of the incident.

6    9.    **Robert Lammon**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C.,

7        40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone:

8        602.263.1700.    Upon information and belief, Mr. Lammon worked for

9        Menzies at the time of the Incident and was the Menzies supervisor who

10       witnessed the incident at issue in the lawsuit.  Mr. Lammon is likely to have

11       information that Frontier may use to support its claims, including information

12       pertaining to the incident, Frontier's and/or Menzies' investigation of the

13       incident, and the damages Frontier suffered as a result of the incident.

14   10.   **Peter J. McBreen & Associates, Inc.**, 209 W. Jackson Blvd., Suite 900,

15       Chicago, IL 60606, Telephone: 312-422-1156.    McBreen is Menzies'

16       insurance adjuster and its representatives are likely to have information that

17       Frontier may use to support its claims, including information pertaining to the

18       incident at issue in the lawsuit, Frontier's investigation of the incident, the

19       damages Frontier suffered as a result of the incident, and Menzies' and/or its

20       insurance carrier's failure to reimburse Frontier for its damages, losses,

21       liabilities, and costs and expenses arising or resulting from the incident.

22   11.   **Richard Mikla**, Peter J. McBreen & Associates, Inc., 209 W. Jackson Blvd.,

23       Suite 900, Chicago, IL 60606, Telephone: 312-422-1156.  Mr. Mikla works

24       for McBreen, Menzies' insurance adjuster, and is likely to have information

25       that Frontier may use to support its claims, including information pertaining

26       to the incident at issue in the lawsuit, Frontier's investigation of the incident,

27       the damages Frontier suffered as a result of the incident, Menzies' and/or its

28       insurance carrier's failure to reimburse Frontier for its damages, losses,

1  liabilities, and costs and expenses arising or resulting from the incident, and

2  communications between and with Menzies and Frontier regarding the

3  foregoing.

4      12.    Any witness identified by any other party to this action.

5      13.    Any witness identified during the scope of discovery or through documents

6                produced in this action.

7      14.    Any person necessary to produce, identify, or authenticate any document.

8      15.    Witnesses necessary for rebuttal or impeachment.

9  **II.**    **A COPY—OR A DESCRIPTION BY CATEGORY AND LOCATION—OF ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT THE DISCLOSING PARTY HAS IN ITS POSSESSION, CUSTODY, OR CONTROL, AND MAY USE TO SUPPORT ITS CLAIMS AND DEFENSES.**

12  Without conceding admissibility and without waiver of any applicable privileges or

13  protections, Frontier identifies the following documents that it may use to support its claims

14  in this matter:

| | Description | Bates No. |
|---|---|---|
| 1. | International Air Transport Association, AHM 810, Standard Ground Handling Agreement (effective 1 Jan. 2013) (Main Agreement and Annex A) | *Confidential – Subject to Protective Order* |
| 2. | Standard Ground Handling Agreement – Simplified Procedure, Annex B8.0 – Location(s), Agreed Services and Charges (effective Jan. 1, 2018) | *Confidential – Subject to Protective Order* |
| 3. | Frontier Claim Packet for Incident 2018-09 re:  Aircraft N974FR, including costs incurred by Frontier | *Confidential – Subject to Protective Order* |
| 4. | Final Billing Sheet N947FR – DPI | *Confidential – Subject to Protective Order* |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

|   | Description | Bates No. |
|---|-------------|-----------|
| 5. | Airbus Sales Agreement (dated April 13, 2018) | *Confidential – Subject to Protective Order* |
| 6. | Amended and Restated Aircraft Lease Agreement (dated June 22, 2006) | *Confidential – Subject to Protective Order* |
| 7. | Communications between Frontier Airlines, Inc. and Menzies Aviation (USA) Inc. regarding the Incident | *Confidential – Subject to Protective Order* |
| 8. | Communications between Frontier Airlines, Inc. and McBreen regarding the Incident | *Confidential – Subject to Protective Order* |
| 9. | Communications amongst Frontier personnel regarding the Incident | *Confidential – Subject to Protective Order* |
| 10. | Any document identified or produced by any other party in this action | |
| 11. | Documents in any pleadings or materials filed in this case | |
| 12. | Any document necessary for rebuttal or impeachment | |

Frontier will produce the documents identified herein as *Confidential – Subject to Protective Order* once a protective order is entered by the Court.

**III.** **A COMPUTATION OF EACH CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY—WHO MUST ALSO MAKE AVAILABLE FOR INSPECTION AND COPYING UNDER RULE 34 THE DOCUMENTS OR OTHER EVIDENTIARY MATERIAL, UNLESS PRIVILEGED OR PROTECTED FROM DISCLOSURE, ON WHICH EACH COMPUTATION IS BASED, INCLUDING MATERIALS BEARING ON THE NATURE AND EXTENT OF THE INJURIES SUFFERED.**

Frontier's damages continue to accrue, and it reserves the right to supplement this disclosure accordingly.  At this time and without waiver of its right to further amend or

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

supplement this description and computation of damages, Frontier identifies the following
categories and amounts of damages:

| | Description | Amount |
|---|---|---|
| 1. | Aircraft damage associated costs for flight operations, including:<br><br>(a) Flight crew costs - $17,146.62<br>(b) Ground transportation - $648.00 | $17,794.62 |
| 2. | Aircraft damage associated costs for repairs, including:<br><br>(c) Air freight shipping - $9,016.39<br>(d) Labor for repair - $367,520.40<br>(e) Assorted parts for repair - $272,584.56 | $649,121.35 |
| 3. | Aircraft damages associated costs for aircraft lease rental, including:<br><br>(a) June 2018 - $102,536.17<br>(b) July 2018 - $353,749.78<br>(c) August 2018 - $307,608.50 | $763,894.45 |
| 4. | Court costs and attorneys' fees, as set forth below | Ongoing |
| | **Total:** | **$1,430,810 + Item 4** |

Frontier seeks to recover its costs and attorneys' fees under Rule 54(d), A.R.S. § 12-341.01, and the parties' agreements, including Paragraph 4, § 4.1 of the Standard Ground Handling Agreement – Simplified Procedure, Annex B8.0 – Location(s), Agreed Services and Charges (effective Jan. 1, 2018).

1  **IV.   FOR INSPECTION AND COPYING AS UNDER RULE 34, ANY
2         INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS
          MAY BE LIABLE TO SATISFY ALL OR PART OF A POSSIBLE
          JUDGMENT IN THE ACTION OR TO INDEMNIFY OR REIMBURSE
3         FOR PAYMENTS MADE TO SATISFY THE JUDGMENT.**

4         None applicable.

5

6         DATED this 9th day of October, 2020.

7                                          SNELL & WILMER L.L.P.

8                                    By: *s/Matt Jarvey*
9                                          Adam E. Lang
                                           Matt Jarvey
10                                         One Arizona Center
                                           400 E. Van Buren, Suite 1900
11                                         Phoenix, Arizona 85004-2202
                                           *Attorneys for Plaintiff Frontier*
12                                         *Airlines, Inc.*

13

14

15                          **CERTIFICATE OF SERVICE**

16         I hereby certify that on October 9, 2020, I transmitted the foregoing document via

17  email and U.S. Mail to the following counsel of record in this case.

18  J. Gary Linder
    Jones, Skelton & Hochuli, P.L.C.
19  40 North Central Avenue, Suite 2700
    Phoenix, AZ 85004
20  glinder@jshfirm.com
    *Attorneys for Defendant*
21

22   *s/Kathy Sprinkle*
    4818-8182-6765
23

24

25

26

27

28

1 | Adam E. Lang (#022545)
Matt Jarvey (#031350)
2 | SNELL & WILMER L.L.P.
One Arizona Center
3 | 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
4 | Telephone: 602.382.6000
Facsimile: 602.382.6070
5 | E-Mail: alang@swlaw.com
           mjarvey@swlaw.com
6

7 | *Attorneys for Plaintiff Frontier Airlines, Inc.*

8 | IN THE UNITED STATES DISTRICT COURT

9 | FOR THE DISTRICT OF ARIZONA

10

11 | Frontier Airlines, Inc.,

12 |       Plaintiff,

13 |   v.

14 | Menzies Aviation (USA) Incorporated,

15 |       Defendant.

No. 2:20-cv-01432-ESW

**PLAINTIFF FRONTIER AIRLINES, INC.'S FIRST SUPPLEMETNAL DISCLOSURE STATEMENT**



Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

17      Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Frontier
18 Airlines, Inc. ("Plaintiff" or "Frontier") makes the following First Supplemental Disclosure
19 Statement based on the information reasonably available to Plaintiff as of the date hereof.
20 Updates to this disclosure are noted in "**bold**" font.  Plaintiff reserves the right, pursuant to
21 the Federal Rules of Civil Procedure, to supplement and/or amend these disclosures as
22 discovery progresses in this action and based on additional information that Plaintiff learns
23 in this action, including, without limitation, any information Plaintiff learns relating to the
24 nature of the claims at issue in this litigation, any information Plaintiff learns relating to
25 Defendant's defenses and contentions, and/or any information Plaintiff learns relating to
26 any other issue relevant to this case.

27      By making these disclosures, Plaintiff does not represent that it is identifying every
28 document, tangible thing, or witness possibly relevant to this lawsuit.  Plaintiff's disclosures

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1  are a good faith effort to identify information that it reasonably believes at this time it may

2  use to support its claims or defenses, as required by Rule 26(a)(1).

3  Plaintiff's disclosures are made without in any way waiving: (1) the right to object

4  on the grounds of competency, privilege, work-product doctrine, relevancy and materiality,

5  undue burden, or any other proper ground, or to the use of any such information for any

6  purpose, in whole or in part, in any subsequent proceeding in this action or any other action;

7  (2) the right to object on any and all grounds, at any time, to any discovery request or

8  proceeding involving or relating to the subject matter of these disclosures; and/or (3) the

9  right to seek protection under any Protective Order adopted by the Court.  By making these

10  initial disclosures, Plaintiff does not in any way assume the burden of establishing the

11  absence of a claim or defense for which Defendant bears the burden of affirmative proof.

12  All of the disclosures set forth below are made subject to the above objections and

13  qualifications.

**I.  THE NAME AND, IF KNOWN, THE ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION—ALONG WITH THE SUBJECTS OF THAT INFORMATION—THAT THE DISCLOSING PARTY MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES.**

17  Subject to the above, Frontier states that the following individuals are likely to have

18  discoverable information that it may use to support its claims:

19  1.  **Frontier Airlines, Inc.**, c/o Snell & Wilmer L.L.P., One Arizona Center, 400

20  E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone:

21  602.382.6000.  Representative(s) of Frontier is/are likely to have information

22  that Frontier may use to support its claims, including information pertaining

23  to Frontier's claims in this action, the relevant contracts between the parties,

24  the incident at issue in the lawsuit, the damages Frontier suffered as a result

25  of Menzies' conduct, and communications between Frontier and Menzies and

26  Menzies' insurance adjuster regarding the foregoing.

27  2.  **Carl Sykes**, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona

28  Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202,

Telephone: 602.382.6000. Mr. Sykes is a senior treasury analyst for Frontier and is likely to have information that Frontier may use to support its claims, including information pertaining to Frontier's claims in this action, the relevant contracts between the parties, the incident at issue in the lawsuit, the damages Frontier suffered as a result of Menzies' conduct, and communications between Frontier and Menzies and Menzies' insurance adjuster regarding the foregoing.

3.  **Jake Filene**, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone: 602.382.6000. Mr. Filene is the SVP of Customers for Frontier and is likely to have information that Frontier may use to support its claims, including information pertaining to Frontier's claims in this action, the relevant contracts between the parties, the incident at issue in the lawsuit, the damages Frontier suffered as a result of Menzies' conduct, and communications between Frontier and Menzies and Menzies' insurance adjuster regarding the foregoing.

4.  **Graham Gunner**, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone: 602.382.6000. Mr. Gunner was a regional manager for Frontier at the time of the incident that is at issue in the lawsuit and is likely to have information that Frontier may use to support its claims, including information pertaining to the incident at issue in the lawsuit, Frontier's investigation of the incident, and the damages Frontier suffered as a result of the incident.

5.  **Menzies Aviation (USA) Inc.**, c/o Jones, Skelton & Hochuli, P.L.C., 40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone: 602.263.1700. Representative(s) of Menzies is or are likely to have information that Frontier may use to support its claims, including information

- 3 -

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    pertaining to the relevant contracts between the parties, the incident at issue

2    in the lawsuit, Frontier's and Menzies' investigation of the incident, the

3    damages Frontier suffered as a result of the incident, Menzies' and/or its

4    insurance carrier's failure to reimburse Frontier for its damages, losses,

5    liabilities, and costs and expenses arising or resulting from the incident, and

6    communications between Menzies and Frontier and Menzies and Menzies'

7    insurance adjuster regarding the foregoing.

8    6.    **John Redmond**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C.,

9    40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone:

10    602.263.1700. Upon information and belief, Mr. Redmond is the Executive

11    Vice President Americas for Menzies (USA), Inc. and is likely to have

12    information that Frontier may use to support its claims, including information

13    pertaining to the relevant contracts between the parties, the incident at issue

14    in the lawsuit, the damages Frontier suffered as a result of Menzies' conduct,

15    and communications between Menzies and Frontier and Menzies and

16    Menzies' insurance adjuster regarding the foregoing.

17    7.    **David Yanez**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C., 40

18    North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone:

19    602.263.1700. Upon information and belief, Mr. Yanez worked for Menzies

20    at the time of the incident at issue in the lawsuit and prepared the incident

21    investigation report. Mr. Yanez is likely to have information that Frontier

22    may use to support its claims, including information pertaining to the incident,

23    Frontier's and/or Menzies' investigation of the incident, the damages Frontier

24    suffered as a result of the incident, and communications between Menzies and

25    Frontier and Menzies and Menzies' insurance adjuster regarding the

26    foregoing.

27    8.    **Shantell Jordan**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C.,

28    40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone:

Snell & Wilmer

L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1    602.263.1700.  Upon information and belief, Mr. Jordan worked for Menzies

2    at the time of the incident that is at issue in the lawsuit and was the operator

3    involved in the incident.  Mr. Jordan is likely to have information that Frontier

4    may use to support its claims, including information pertaining to the incident,

5    Frontier's and/or Menzies' investigation of the incident, and the damages

6    Frontier suffered as a result of the incident.

7    9.    **Robert Lammon**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C.,

8    40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone:

9    602.263.1700.   Upon information and belief, Mr. Lammon worked for

10   Menzies at the time of the Incident and was the Menzies supervisor who

11   witnessed the incident at issue in the lawsuit.  Mr. Lammon is likely to have

12   information that Frontier may use to support its claims, including information

13   pertaining to the incident, Frontier's and/or Menzies' investigation of the

14   incident, and the damages Frontier suffered as a result of the incident.

15   10.   **Peter J. McBreen & Associates, Inc.**, 209 W. Jackson Blvd., Suite 900,

16   Chicago, IL 60606, Telephone: 312-422-1156.   McBreen is Menzies'

17   insurance adjuster and its representatives are likely to have information that

18   Frontier may use to support its claims, including information pertaining to the

19   incident at issue in the lawsuit, Frontier's investigation of the incident, the

20   damages Frontier suffered as a result of the incident, and Menzies' and/or its

21   insurance carrier's failure to reimburse Frontier for its damages, losses,

22   liabilities, and costs and expenses arising or resulting from the incident.

23   11.   **Richard Mikla**, Peter J. McBreen & Associates, Inc., 209 W. Jackson Blvd.,

24   Suite 900, Chicago, IL 60606, Telephone: 312-422-1156.  Mr. Mikla works

25   for McBreen, Menzies' insurance adjuster, and is likely to have information

26   that Frontier may use to support its claims, including information pertaining

27   to the incident at issue in the lawsuit, Frontier's investigation of the incident,

28   the damages Frontier suffered as a result of the incident, Menzies' and/or its

insurance carrier's failure to reimburse Frontier for its damages, losses, liabilities, and costs and expenses arising or resulting from the incident, and communications between and with Menzies and Frontier regarding the foregoing.

12. Any witness identified by any other party to this action.

13. Any witness identified during the scope of discovery or through documents produced in this action.

14. Any person necessary to produce, identify, or authenticate any document.

15. Witnesses necessary for rebuttal or impeachment.

## II. A COPY—OR A DESCRIPTION BY CATEGORY AND LOCATION—OF ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT THE DISCLOSING PARTY HAS IN ITS POSSESSION, CUSTODY, OR CONTROL, AND MAY USE TO SUPPORT ITS CLAIMS AND DEFENSES.

Without conceding admissibility and without waiver of any applicable privileges or protections, Frontier identifies the following documents that it may use to support its claims in this matter:

| | Description | Bates No. |
|---|---|---|
| 1. | International Air Transport Association, AHM 810, Standard Ground Handling Agreement (effective 1 Jan. 2013) (Main Agreement and Annex A) | *FRONTIER 000001-000053*<br><br>*Confidential – Subject to Protective Order* |
| 2. | Standard Ground Handling Agreement – Simplified Procedure, Annex B8.0 – Location(s), Agreed Services and Charges (effective Jan. 1, 2018) | *FRONTIER 000054-000078*<br><br>*Confidential – Subject to Protective Order* |
| 3. | Frontier Claim Packet for Incident 2018-09 re:  Aircraft N947FR, including costs incurred by Frontier | *FRONTIER 000079-000125*<br><br>*Confidential – Subject to Protective Order* |
| 4. | Final Billing Sheet N947FR – DPI | *FRONTIER 000126-000130* |

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
602.382.6000

| | Description | Bates No. |
|---|---|---|
| | | *Confidential – Subject to Protective Order* |
| 5. | Airbus Sales Agreement (dated April 13, 2018) | *FRONTIER 000131-000133*<br><br>*Confidential – Subject to Protective Order* |
| 6. | Amended and Restated Aircraft Lease Agreement (dated June 22, 2006) | *FRONTIER 000134-000426*<br><br>*Confidential – Subject to Protective Order* |
| 7. | Communications between Frontier Airlines, Inc. and Menzies Aviation (USA) Inc. regarding the Incident | *FRONTIER 000427-000475*<br><br>*Confidential – Subject to Protective Order* |
| 8. | Communications between Frontier Airlines, Inc. and McBreen regarding the Incident | *FRONTIER 000476-000545*<br><br>*Confidential – Subject to Protective Order* |
| 9. | Communications amongst Frontier personnel regarding the Incident | *FRONTIER 000546-000547*<br><br>*Confidential – Subject to Protective Order* |
| 10. | Any document identified or produced by any other party in this action | |
| 11. | Documents in any pleadings or materials filed in this case | |
| 12. | Any document necessary for rebuttal or impeachment | |

**Frontier is producing the documents identified in its Initial Disclosure Statement and listed above via a Mimecast or ShareFile link.**

**III. A COMPUTATION OF EACH CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY—WHO MUST ALSO MAKE AVAILABLE FOR INSPECTION AND COPYING UNDER RULE 34 THE DOCUMENTS OR OTHER EVIDENTIARY MATERIAL, UNLESS PRIVILEGED OR PROTECTED FROM DISCLOSURE, ON WHICH EACH COMPUTATION IS BASED, INCLUDING MATERIALS BEARING ON THE NATURE AND EXTENT OF THE INJURIES SUFFERED.**

Frontier's damages continue to accrue, and it reserves the right to supplement this disclosure accordingly. At this time and without waiver of its right to further amend or supplement this description and computation of damages, Frontier identifies the following categories and amounts of damages:

| | Description | Amount |
|---|---|---|
| 1. | Aircraft damage associated costs for flight operations, including:<br><br>(a) Flight crew costs - $17,146.62<br><br>(b) Ground transportation - $648.00 | $17,794.62 |
| 2. | Aircraft damage associated costs for repairs, including:<br><br>(c) Air freight shipping - $9,016.39<br><br>(d) Labor for repair - $367,520.40<br><br>(e) Assorted parts for repair - $272,584.56 | $649,121.35 |
| 3. | Aircraft damages associated costs for aircraft lease rental, including:<br><br>(a) June 2018 - $102,536.17<br><br>(b) July 2018 - $353,749.78<br><br>(c) August 2018 - $307,608.50 | $763,894.45 |
| 4. | Court costs and attorneys' fees, as set forth below | Ongoing |
| | **Total:** | **$1,430,810 + Item 4** |

Frontier seeks to recover its costs and attorneys' fees under Rule 54(d), A.R.S. § 12-341.01, and the parties' agreements, including Paragraph 4, § 4.1 of the Standard Ground

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1  Handling Agreement – Simplified Procedure, Annex B8.0 – Location(s), Agreed Services

2  and Charges (effective Jan. 1, 2018).

3  **IV.** **FOR INSPECTION AND COPYING AS UNDER RULE 34, ANY INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A POSSIBLE JUDGMENT IN THE ACTION OR TO INDEMNIFY OR REIMBURSE FOR PAYMENTS MADE TO SATISFY THE JUDGMENT.**

4

5

6  None applicable.

7

8  DATED this 22st day of December, 2020.

9  SNELL & WILMER L.L.P.

10

11  By: *s/Matt Jarvey*
       Adam E. Lang

12     Matt Jarvey
       One Arizona Center

13     400 E. Van Buren, Suite 1900
       Phoenix, Arizona 85004-2202

14     *Attorneys for Plaintiff Frontier Airlines, Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on December 22, 2020, I transmitted the foregoing document

3

via email and U.S. Mail to the following counsel of record in this case.

4

J. Gary Linder
Jones, Skelton & Hochuli, P.L.C.

5

40 North Central Avenue, Suite 2700
Phoenix, AZ 85004

6

glinder@jshfirm.com
*Attorneys for Defendant*

7

8

 s/Kathy Sprinkle
4840-1882-5685

9

10

11

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28