# Exhibit C

Adam E. Lang (#022545)
Matt Jarvey (#031350)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: alang@swlaw.com
       mjarvey@swlaw.com

*Attorneys for Plaintiff Frontier Airlines, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Frontier Airlines, Inc., | No. 2:20-cv-01432-ESW |
|---|---|
| Plaintiff, | **PLAINTIFF FRONTIER AIRLINES, INC.'S SECOND SUPPLEMENTAL DISCLOSURE STATEMENT** |
| v. | |
| Menzies Aviation (USA) Incorporated, | |
| Defendant. | |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Frontier Airlines, Inc. ("Plaintiff" or "Frontier") makes the following **Second** Supplemental Disclosure Statement based on the information reasonably available to Plaintiff as of the date hereof. Updates to this disclosure are noted in "**bold**" font. Plaintiff reserves the right, pursuant to the Federal Rules of Civil Procedure, to supplement and/or amend these disclosures as discovery progresses in this action and based on additional information that Plaintiff learns in this action, including, without limitation, any information Plaintiff learns relating to the nature of the claims at issue in this litigation, any information Plaintiff learns relating to Defendant's defenses and contentions, and/or any information Plaintiff learns relating to any other issue relevant to this case.

By making these disclosures, Plaintiff does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Plaintiff's disclosures

1 are a good faith effort to identify information that it reasonably believes at this time it may
2 use to support its claims or defenses, as required by Rule 26(a)(1).

3 Plaintiff's disclosures are made without in any way waiving: (1) the right to object
4 on the grounds of competency, privilege, work-product doctrine, relevancy and materiality,
5 undue burden, or any other proper ground, or to the use of any such information for any
6 purpose, in whole or in part, in any subsequent proceeding in this action or any other action;
7 (2) the right to object on any and all grounds, at any time, to any discovery request or
8 proceeding involving or relating to the subject matter of these disclosures; and/or (3) the
9 right to seek protection under any Protective Order adopted by the Court. By making these
10 initial disclosures, Plaintiff does not in any way assume the burden of establishing the
11 absence of a claim or defense for which Defendant bears the burden of affirmative proof.

12 All of the disclosures set forth below are made subject to the above objections and
13 qualifications.

**I. THE NAME AND, IF KNOWN, THE ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION—ALONG WITH THE SUBJECTS OF THAT INFORMATION—THAT THE DISCLOSING PARTY MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES.**

17 Subject to the above, Frontier states that the following individuals are likely to have
18 discoverable information that it may use to support its claims, **including but not limited to**
19 **the following information**:

20 1. **Frontier Airlines, Inc.**, c/o Snell & Wilmer L.L.P., One Arizona Center, 400
21 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone:
22 602.382.6000. Representative(s) of Frontier is/are likely to have information
23 that Frontier may use to support its claims, including information pertaining
24 to Frontier's claims in this action, the relevant contracts between the parties,
25 the incident at issue in the lawsuit, the damages Frontier suffered as a result
26 of Menzies' conduct, and communications between Frontier and Menzies and
27 Menzies' insurance adjuster regarding the foregoing.

2. **Carl Sykes**, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone: 602.382.6000. Mr. Sykes is a senior treasury analyst for Frontier and **has** information that Frontier may use to support its claims, including information pertaining to Frontier's claims in this action, the relevant contracts between the parties, the incident at issue in the lawsuit, the damages Frontier suffered as a result of Menzies' conduct, and communications between Frontier and Menzies and Menzies' insurance adjuster regarding the foregoing. **Specifically, Mr. Sykes has information about his collection of information and documents evidencing Menzies's damage to the aircraft at issue in this case—including various reports, communications, and invoices—and his transferring that information to Menzies as part of Frontier making a claim against Menzies to compensate it for the damages caused. He also has information about the process that Frontier uses to investigate incidents like the one at issue in this case, as well as the forms and documentation used to record information about such incidents. He has information about his follow-up communications with Menzies and/or its insurer after submitting Frontier's damage claim to Menzies.**

3. **Jake Filene**, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone: 602.382.6000. Mr. Filene is the SVP of Customers for Frontier and is likely to have information that Frontier may use to support its claims, including information pertaining to Frontier's claims in this action, the relevant contracts between the parties, the incident at issue in the lawsuit, the damages Frontier suffered as a result of Menzies' conduct, and communications between Frontier and Menzies and Menzies' insurance adjuster regarding the foregoing.

4. **Graham Gunner**, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone: 602.382.6000. Mr. Gunner was a regional manager for Frontier at the time of the incident that is at issue in the lawsuit and **has** information that Frontier may use to support its claims, including information pertaining to the incident at issue in the lawsuit, Frontier's investigation of the incident, and the damages Frontier suffered as a result of the incident. **Specifically, Mr. Gunner has information about his communications with Menzies personnel before and after the incident at issue in this case. In those communications, Mr. Gunner discussed the need to have only trained Menzies' personnel working on Frontier aircraft, and he warned Menzies of the risks of using untrained personnel—including the risks of damaging an aircraft—in the weeks leading up to the incident at issue. He has information about his discovery of untrained Menzies' personnel working on Frontier aircraft before and after the incident. He has information about his communications with Menzies' personnel— including those directly responsible for causing and investigating the damage at issue here—following the incident. In those communications, Menzies personnel acknowledged that Menzies' employee Shantell Jordan caused the damage to the Frontier aircraft at issue, and that Mr. Jordan was not properly trained to operate the belt loader that he was operating when he caused the damage (and that Mr. Jordan's job was to clean the interior of aircraft). Mr. Gunner has information about his conversations with Menzies' employees David Yanez, Shantell Jordan, and Robert Lammon concerning the incident, as well as any statement and reports those Menzies' employees made or drafted. Mr. Gunner has information regarding his role in Frontier's investigations process, as well as follow-up calls about the incident that he participated in with both**

**Frontier and Menzies' employees.  Mr. Gunner has information about the training, policies, protocol, and work standards that Menzies was required to abide by to perform work for Frontier.  Mr. Gunner has information about his review of Shantell Jordan's training records.  Mr. Gunner has information about Frontier's process for confirming the reliability of its ground equipment (e.g., belt loaders).  He also has information regarding and penalties he issued to Menzies as a result of the incident at issue.**

5. **Menzies Aviation (USA) Inc.**, c/o Jones, Skelton & Hochuli, P.L.C., 40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone: 602.263.1700.  Representative(s) of Menzies is or are likely to have information that Frontier may use to support its claims, including information pertaining to the relevant contracts between the parties, the incident at issue in the lawsuit, Frontier's and Menzies' investigation of the incident, the damages Frontier suffered as a result of the incident, Menzies' and/or its insurance carrier's failure to reimburse Frontier for its damages, losses, liabilities, and costs and expenses arising or resulting from the incident, and communications between Menzies and Frontier and Menzies and Menzies' insurance adjuster regarding the foregoing.

6. **John Redmond**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C., 40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone: 602.263.1700.  Upon information and belief, Mr. Redmond is the Executive Vice President Americas for Menzies (USA), Inc. and is likely to have information that Frontier may use to support its claims, including information pertaining to the relevant contracts between the parties, the incident at issue in the lawsuit, the damages Frontier suffered as a result of Menzies' conduct, and communications between Menzies and Frontier and Menzies and Menzies' insurance adjuster regarding the foregoing.

7. **David Yanez**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C., 40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone: 602.263.1700. Upon information and belief, Mr. Yanez worked for Menzies at the time of the incident at issue in the lawsuit and prepared the incident investigation report. Mr. Yanez is likely to have information that Frontier may use to support its claims, including information pertaining to the incident, Frontier's and/or Menzies' investigation of the incident, the damages Frontier suffered as a result of the incident, and communications between Menzies and Frontier and Menzies and Menzies' insurance adjuster regarding the foregoing.

8. **Shantell Jordan**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C., 40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone: 602.263.1700. Upon information and belief, Mr. Jordan worked for Menzies at the time of the incident that is at issue in the lawsuit and was the operator involved in the incident. Mr. Jordan is likely to have information that Frontier may use to support its claims, including information pertaining to the incident, Frontier's and/or Menzies' investigation of the incident, and the damages Frontier suffered as a result of the incident.

9. **Robert Lammon**, Menzies (USA), Inc. c/o Jones, Skelton & Hochuli, P.L.C., 40 North Central Avenue, Suite 2700, Phoenix, Arizona 85004, Telephone: 602.263.1700. Upon information and belief, Mr. Lammon worked for Menzies at the time of the Incident and was the Menzies supervisor who witnessed the incident at issue in the lawsuit. Mr. Lammon is likely to have information that Frontier may use to support its claims, including information pertaining to the incident, Frontier's and/or Menzies' investigation of the incident, and the damages Frontier suffered as a result of the incident.

10. **Peter J. McBreen & Associates, Inc.**, 209 W. Jackson Blvd., Suite 900, Chicago, IL 60606, Telephone: 312-422-1156. McBreen is Menzies'

insurance adjuster and its representatives are likely to have information that Frontier may use to support its claims, including information pertaining to the incident at issue in the lawsuit, Frontier's investigation of the incident, the damages Frontier suffered as a result of the incident, and Menzies' and/or its insurance carrier's failure to reimburse Frontier for its damages, losses, liabilities, and costs and expenses arising or resulting from the incident.

11. **Richard Mikla**, Peter J. McBreen & Associates, Inc., 209 W. Jackson Blvd., Suite 900, Chicago, IL 60606, Telephone: 312-422-1156. Mr. Mikla works for McBreen, Menzies' insurance adjuster, and is likely to have information that Frontier may use to support its claims, including information pertaining to the incident at issue in the lawsuit, Frontier's investigation of the incident, the damages Frontier suffered as a result of the incident, Menzies' and/or its insurance carrier's failure to reimburse Frontier for its damages, losses, liabilities, and costs and expenses arising or resulting from the incident, and communications between and with Menzies and Frontier regarding the foregoing.

12. **Sharath Sashikumar, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone: 602.382.6000. Mr. Sashikumar is a Treasury Manager at Frontier, and he has information related to the lease that governed the Frontier aircraft at issue, including the terms that governed the return of the leased aircraft to the lessor, and the extra costs Frontier incurred in the lease-return process due to the damage to the aircraft. He has information about the process that an aircraft must undergo before it is to be returned to a lessor under an aircraft lease, and the delay in returning the aircraft at issue because repairs had to be completed, which then delayed the return of the aircraft. Mr. Sashikumar has information related to his communications with the aircraft's lessor**

1  regarding the lease-return process.  He has information regarding
2  Frontier's involvement of Airbus and PEMCO to assist in diagnosing and
3  remedying the aircraft damage at issue.

4  **13.**  **Thomas Schmitt, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One
5  Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-
6  2202, Telephone: 602.382.6000.  Mr. Schmitt is a Quality Control
7  Auditor at Frontier, and he has information regarding Frontier's process
8  in responding to and investigating an aircraft damage report.  He has
9  information about the alert system that Frontier has in place to alert
10 relevant personnel to an aircraft-damage incident, his inclusion in that
11 system regarding the incident at issue, and Frontier's response to the
12 aircraft damage at issue in this case—including follow-up
13 communications between Frontier and Menzies in which he participated.
14 He has information about his role in gathering and storing
15 documentation gathered as part of Frontier's investigation procedure.**

16 **14.**  **Kathy Miller, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One
17 Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-
18 2202, Telephone: 602.382.6000.  Ms. Miller is the Director of Airport
19 Customer Service at Frontier, and she has information regarding
20 Frontier's process in responding to and investigating an aircraft damage
21 report.  She has information about the alert system that Frontier has in
22 place to alert relevant personnel to an aircraft-damage incident, her
23 inclusion in that system regarding the incident at issue, and Frontier's
24 response to the aircraft damage at issue in this case—including follow-
25 up communications between Frontier and Menzies in which she
26 participated.**

27 **15.**  **Alan Guthals, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One
28 Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-**

2202, Telephone: 602.382.6000. Mr. Guthals is a Senior Manager in Frontier's accounting department, and he has information regarding Frontier's receipt and payment of the invoices related to the damages at issue in this case.

16. James Mach, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone: 602.382.6000. Mr. Mach is the Director of Maintenance for Frontier, and he has information regarding the nature and extent of the damage done to the Frontier aircraft at issue, as well as the costs associated with that damage. Mr. Mach has information about his inspection of the aircraft damage, and the process that Frontier used to remedy the damage. He has information about the invoices that Frontier received and paid related to the aircraft damage. He also has information related to the extra lease costs that Frontier incurred as a result of the aircraft damage. He has information about the process that an aircraft must undergo before it is to be returned to a lessor under an aircraft lease, and the delay in returning the aircraft at issue because repairs had to be completed, which then delayed the return of the aircraft. Mr. Mach has information related to his communications with the aircraft's lessor regarding the lease-return process. He has information regarding Frontier's involvement of Airbus and PEMCO to assist in diagnosing and remedying the aircraft damage at issue.

17. Tim Polgar, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone: 602.382.6000. Mr. Polgar is Frontier's Director of Ground Handling Contracts, and he has information about the ground handling contracts that governed Frontier's relationship with Menzies at the Phoenix Sky Harbor International Airport, including the relevant

terms of those contracts related to this case. He has information about the nature and duration of Frontier's relationship with Menzies, the scope of the work that Menzies performed for Frontier, and communications he has had with Menzies' personnel about the services at Phoenix Sky Harbor.

18. Shawn Christensen, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone: 602.382.6000. Mr. Christensen is Frontier's Chief Pilot, and he has information related to Frontier's flight operations costs that resulted from the aircraft damage at issue, including costs associated with ferrying the aircraft to the applicable location for repairs, pilot costs related to the delays caused by the damage and time spent ferrying the aircraft, costs of fuel to ferry the aircraft to the repair location, and the costs to replace members of the flight crew who had "timed out" of service due to the delays caused by the damage. Mr. Christensen was involved in analyzing and documenting the flight operations costs that were ultimately submitted to Menzies.

19. Kari Thompson, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone: 602.382.6000. Ms. Thompson is a former Manager for Regional Inflight Services at Frontier, and she has information related to Frontier's flight operations costs that resulted from the aircraft damage at issue, including costs associated with hotel/per diem accommodations for Frontier's flight crew. Ms. Thompson was involved in analyzing and documenting these costs, which were ultimately submitted to Menzies.

20. Ryan Earl, Frontier Airlines, Inc., c/o Snell & Wilmer L.L.P., One Arizona Center, 400 E. Van Buren, Suite 1900, Phoenix, Arizona 85004-2202, Telephone: 602.382.6000. Mr. Earl was employed in Frontier's

**Security Operations Center. He has information about receiving information about the aircraft incident at issue and initiating a notification system that alerts others to the incident.**

21. Any witness identified by any other party to this action.

22. Any witness identified during the scope of discovery or through documents produced in this action.

23. Any person necessary to produce, identify, or authenticate any document.

24. Witnesses necessary for rebuttal or impeachment.

## II. A COPY—OR A DESCRIPTION BY CATEGORY AND LOCATION—OF ALL DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS THAT THE DISCLOSING PARTY HAS IN ITS POSSESSION, CUSTODY, OR CONTROL, AND MAY USE TO SUPPORT ITS CLAIMS AND DEFENSES.

Without conceding admissibility and without waiver of any applicable privileges or protections, Frontier identifies the following documents that it may use to support its claims in this matter:

|    | Description | Bates No. |
|----|-------------|-----------|
| 1. | International Air Transport Association, AHM 810, Standard Ground Handling Agreement (effective 1 Jan. 2013) (Main Agreement and Annex A) | FRONTIER 000001-000053 *Confidential – Subject to Protective Order* |
| 2. | Standard Ground Handling Agreement – Simplified Procedure, Annex B8.0 – Location(s), Agreed Services and Charges (effective Jan. 1, 2018) | FRONTIER 000054-000078 *Confidential – Subject to Protective Order* |
| 3. | Frontier Claim Packet for Incident 2018-09 re: Aircraft N947FR, including costs incurred by Frontier | FRONTIER 000079-000125 *Confidential – Subject to Protective Order* |

- 11 -

|   | **Description** | **Bates No.** |
|---|---|---|
| 4. | Final Billing Sheet N947FR – DPI | FRONTIER 000126-000130 *Confidential – Subject to Protective Order* |
| 5. | Airbus Sales Agreement (dated April 13, 2018) | FRONTIER 000131-000133 *Confidential – Subject to Protective Order* |
| 6. | Amended and Restated Aircraft Lease Agreement (dated June 22, 2006) | FRONTIER 000134-000426 *Confidential – Subject to Protective Order* |
| 7. | Communications between Frontier Airlines, Inc. and Menzies Aviation (USA) Inc. regarding the Incident | FRONTIER 000427-000475 **FRONTIER 000548-000566** **FRONTIER 000577-620** **FRONTIER 000624-632** *Confidential – Subject to Protective Order* |
| 8. | Communications between Frontier Airlines, Inc. and McBreen regarding the Incident | FRONTIER 000476-000545 *Confidential – Subject to Protective Order* |

| | Description | Bates No. |
|---|---|---|
| 9. | Communications amongst Frontier personnel regarding the Incident | FRONTIER 000546-000547<br><br>**FRONTIER 000567-000576**<br><br>**FRONTIER 000621-623;**<br><br>**FRONTIER 000633-668**<br><br>*Confidential – Subject to Protective Order* |
| 10. | **Communications amongst Frontier and Airbus regarding the Incident** | **FRONTIER 000669-679** |
| 11. | **Airbus and Pemco Invoices** | **FRONTIER 000680-681** |
| 12. | Any document identified or produced by any other party in this action | |
| 13. | Documents in any pleadings or materials filed in this case | |
| 14. | Any document necessary for rebuttal or impeachment | |

**Frontier is producing the documents identified in its Initial Disclosure Statement and listed above via a Mimecast or ShareFile link.**

III. <u>**A COMPUTATION OF EACH CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY—WHO MUST ALSO MAKE AVAILABLE FOR INSPECTION AND COPYING UNDER RULE 34 THE DOCUMENTS OR OTHER EVIDENTIARY MATERIAL, UNLESS PRIVILEGED OR PROTECTED FROM DISCLOSURE, ON WHICH EACH COMPUTATION IS BASED, INCLUDING MATERIALS BEARING ON THE NATURE AND EXTENT OF THE INJURIES SUFFERED.**</u>

Frontier's damages continue to accrue, and it reserves the right to supplement this disclosure accordingly. At this time and without waiver of its right to further amend or

supplement this description and computation of damages, Frontier identifies the following categories and amounts of damages:

| | **Description** | **Amount** |
|---|---|---|
| 1. | Aircraft damage associated costs for flight operations, including:<br>    (a) Flight crew costs - $17,146.62<br>    (b) Ground transportation - $648.00 | $17,794.62 |
| 2. | Aircraft damage associated costs for repairs, including:<br>    (c) Air freight shipping - $9,016.39<br>    (d) Labor for repair - $367,520.40<br>    (e) Assorted parts for repair - $272,584.56 | $649,121.35 |
| 3. | Aircraft damages associated costs for aircraft lease rental, including:<br>    (a) June 2018 - $102,536.17<br>    (b) July 2018 - $353,749.78<br>    (c) August 2018 - $307,608.50 | $763,894.45 |
| 4. | Court costs and attorneys' fees, as set forth below | Ongoing |
| | **Total:** | **$1,430,810 + Item 4** |

Frontier seeks to recover its costs and attorneys' fees under Rule 54(d), A.R.S. § 12-341.01, and the parties' agreements, including Paragraph 4, § 4.1 of the Standard Ground Handling Agreement – Simplified Procedure, Annex B8.0 – Location(s), Agreed Services and Charges (effective Jan. 1, 2018).

**IV.  FOR INSPECTION AND COPYING AS UNDER RULE 34, ANY INSURANCE AGREEMENT UNDER WHICH AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY ALL OR PART OF A POSSIBLE JUDGMENT IN THE ACTION OR TO INDEMNIFY OR REIMBURSE FOR PAYMENTS MADE TO SATISFY THE JUDGMENT.**

None applicable.

DATED this 25th day of January, 2021.

SNELL & WILMER L.L.P.

By: *s/Matt Jarvey*
Adam E. Lang
Matt Jarvey
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
*Attorneys for Plaintiff Frontier Airlines, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2021, I transmitted the foregoing document via email and U.S. Mail to the following counsel of record in this case.

J. Gary Linder
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, AZ 85004
glinder@jshfirm.com
*Attorneys for Defendant*

 s/Kathy Sprinkle
4844-6103-7782