# Exhibit H

```
Adam E. Lang (#022545)
Matt Jarvey (#031350)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: alang@swlaw.com
        mjarvey@swlaw.com
```

*Attorneys for Plaintiff Frontier Airlines, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frontier Airlines, Inc.,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Menzies Aviation (USA) Incorporated,<br><br>　　　　　Defendant. | No. 2:20-cv-01432-ESW<br><br>**PLAINTIFF FRONTIER AIRLINES, INC.'S RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Plaintiff Frontier Airlines, Inc. ("Frontier"), by and through counsel undersigned, hereby responds to Defendant's First Set of Requests for Production of Documents as follows:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**

All documents relating to the inspection and maintenance of the Aircraft prior to the date of the Incident, including but not limited to maintenance manuals and checklists for the Aircraft that were in effect on that date.

**RESPONSE:**

Documents providing a detailed description of the maintenance performed on the aircraft at issue as a result of the Incident are produced at FRONTIER001354–1771.

4849-6639-6630

Frontier objects to Request No. 1 under Rule 26(b)(1) because the request seeks documents that are not relevant to any claim or defense, and the burden or expense of identifying the requested documents would outweigh the likely benefit of such information. The request for all prior inspection and maintenance records is both irrelevant and unduly burdensome. Prior records are irrelevant because Frontier only seeks repair-related damages for work performed immediately after and as a result of the Incident. Procuring all prior inspection and maintenance records would be unduly burdensome because of the volume of such records and the method in which they are stored. The aircraft's records are stored via a cloud-based system maintained by a third-party vendor, FLYdocs. That system maintains documents in a manner that does not allow Frontier to locate quickly all documents that are strictly related to inspection and maintenance. There are typically tens or even hundreds of thousands of inspection and maintenance documents stored for a given aircraft. Accordingly, locating all such documents would be unduly costly both in terms of time and monetary expense.

**REQUEST NO. 2:**

Any documents related to the repair, upkeep, maintenance, retrofitting, and airworthiness of the Aircraft in the five years prior to the Incident and to the present.

**RESPONSE:**

Documents providing a detailed description of the maintenance performed on the aircraft at issue as a result of the Incident are produced at FRONTIER001354–1771.

Frontier objects to Request No. 2 under Rule 26(b)(1) because the request seeks documents that are not relevant to any claim or defense, and the burden or expense of identifying the requested documents would outweigh the likely benefit of such information. The request for all prior records related to repair, upkeep, maintenance, retrofitting, and airworthiness is both irrelevant and unduly burdensome. Prior records are irrelevant because Frontier only seeks repair-related damages for work performed immediately after and as a result of the Incident. Procuring all prior records related to repair, upkeep,

1  maintenance, retrofitting, and airworthiness would be unduly burdensome because of the
2  volume of such records and the method in which they are stored. The aircraft's records are
3  stored via a cloud-based system maintained by a third-party vendor, FLYdocs. That system
4  maintains documents in a manner that does not allow Frontier to locate quickly all
5  documents that are strictly related to repair, upkeep, maintenance, retrofitting, and
6  airworthiness. There are typically tens or even hundreds of thousands such documents
7  stored for a given aircraft. Accordingly, locating all such documents would be unduly
8  costly both in terms of time and monetary expense.

**REQUEST NO. 3:**

Any reports, whether created by you, your agents, or someone else, including but not limited to governmental agencies, insurers, and private entities, regarding any incidents, accidents, or other events causing damage to the Aircraft in the ten prior years to the Incident.

**RESPONSE:**

Frontier objects to Request No. 3 under Rule 26(b)(1) because the request seeks documents that are not relevant to any claim or defense, and the burden or expense of identifying the requested documents would outweigh the likely benefit of such information. The request for prior records related to incidents, accidents, or other events causing damage to the Aircraft is both irrelevant and unduly burdensome. Prior records are irrelevant because Frontier only seeks repair-related damages for work performed immediately after and as a result of the Incident. Procuring all prior records related to incidents, accidents, or other events causing damage would be unduly burdensome because of the volume of such records and the method in which they are stored. The aircraft's records are stored via a cloud-based system maintained by a third-party vendor, FLYdocs. That system maintains documents in a manner that does not allow Frontier to locate quickly all documents that are strictly related to incidents, accidents, or other events causing damage to the Aircraft. There are typically tens or even hundreds of thousands such documents stored for a given aircraft.

4849-6639-6630

- 3 -

1  Accordingly, locating all such documents would be unduly costly both in terms of time and monetary expense.

Additionally, to the extent that Defendant seeks documents created by "someone else, including but not limited to governmental agencies, insurers, and private entities," Frontier objects to the request insofar as such documents are not in Frontier's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

**REQUEST NO. 4:**

All documents relating to the inspection and maintenance of the component parts of the Aircraft that were allegedly damaged as a result of the Incident, from the five years prior to the Incident until the present.

**RESPONSE:**

Documents providing a detailed description of the maintenance performed on the aircraft at issue as a result of the Incident are produced at FRONTIER001354–1771.

To the extent that Request No. 4 seeks (1) every single document that might, in some way, relate to the aircraft's inspection or maintenance, or (2) maintenance documents from five years prior to the Incident, Frontier objects under Rule 26(b)(1) that such a request is not relevant to any claim or defense, and the burden or expense of identifying every single such documents would outweigh the likely benefit of such information. Many Frontier employees were involved in some minor way in overseeing or tracking the maintenance work performed as a result of the Incident, which was ultimately performed by a third-party, PEMCO. It would be unduly burdensome to determine each such employee and conduct a search of each employee's electronic records (e.g., emails) for any document that arguably related to the aircraft's maintenance.

Additionally, the request for five years of prior maintenance records is both irrelevant and unduly burdensome. Prior maintenance records are irrelevant because Frontier only seeks repair-related damages for work performed immediately after and as a result of the Incident. Procuring all prior maintenance records would be unduly burdensome

4849-6639-6630

- 4 -

1  because of the volume of such records and the method in which they are stored.  The
2  aircraft's maintenances records are stored via a cloud-based system maintained by a third-
3  party vendor, FLYdocs.  That system maintains documents in a manner that does not allow
4  Frontier to locate quickly all documents that are strictly related to maintenance, let alone
5  maintenance related to the specific parts of the aircraft damaged in the Incident.  There are
6  typically tens or even hundreds of thousands of maintenance documents stored for a given
7  aircraft.  Accordingly, locating all such documents would be unduly costly both in terms of
8  time and monetary expense.

10  **REQUEST NO. 5:**

11  Any pictures, drawings, diagrams, and/or videos of the Aircraft showing its
12  condition immediately prior to the Incident and any damage sustained as a result of the
13  Incident.

14  **RESPONSE:**

15  *See* FRONTIER000090–93, 568–572, 685–689, 1586–1591

17  **REQUEST NO. 6:**

18  All photographs and videotapes taken of the scene of the Incident.

19  **RESPONSE:**

20  *See* FRONTIER000090–93, 568–572, 685–689

22  **REQUEST NO. 7:**

23  All documents relating to the inspection and maintenance of the Aircraft as a result
24  of the Incident, including but not limited to maintenance log books, maintenance write-ups,
25  and service reports.

26  **RESPONSE:**

27  *See* FRONTIER001354–1771

4849-6639-6630

**REQUEST NO. 8:**

All statement, written or recorded, of any and all witnesses to the Incident or to the alleged negligence of any party to this action or any third party.

**RESPONSE:**

*See* FRONTIER000083–88, 573–576, 577–581, 721 (containing statements of direct witnesses to Incident)

More broadly, however, any communication produced in this matter might be used to evidence Defendant's negligence.

**REQUEST NO. 9:**

All statements, signed or unsigned, written or recorded, which were taken from or given by any non-party concerning any matter related to the Incident.

**RESPONSE:**

As of the date of this response, Frontier is not aware of any document responsive to Request No. 9. For the purpose of this response, Frontier treats statements of Frontier's or Defendant's employees as statements of or associated with the parties, and thus not responsive to Request No. 9.

**REQUEST NO. 10:**

All written notices of claim provided to any third party by you or on your behalf regarding damage to the Aircraft as a result of the Incident.

**RESPONSE:**

*See* FRONTIER000427–475 (claim packet sent to Defendant and its insurer/adjuster)

*See* FRONTIER000476–545 (communications regarding claim submission between Frontier, Defendant, and Defendant's insurer)

**REQUEST NO. 11:**

All documents that reflect, describe or substantiate any act or omission on the part of any party to this lawsuit and/or any third parties that you contend contributed to the damages you claim in this lawsuit.

**RESPONSE:**

The documents cited above in response to Request No. 8 contain statements that substantiate the acts or omissions of Defendant's employees/agents, which caused Frontier's damages in this case. Each of the documents and communications that Frontier has produced in this lawsuit, however, substantiate in some way the claims that Frontier makes in this lawsuit.

**REQUEST NO. 12:**

All bills, invoices, and charges reflecting damages you are claiming for flight operations (including flight crew costs and ground operations), reflecting the date on which each such cost was incurred, and how it resulted from the Incident.

**RESPONSE:**

*See* FRONTIER000095–97, 699–703, 722–727, 735–741, 742–745, 914–918

**REQUEST NO. 13:**

All bills, invoices, and charges reflecting damages you are claiming for aircraft repairs, including costs for air freight shopping, labor, parts and materials, and maintenance checks, reflecting the dates on which each such cost was incurred, and how it resulted from the Incident.

**RESPONSE:**

*See* FRONTIER000099–116, 131–133, 680–681, 874, 903–904, 905–913

**REQUEST NO. 14:**

All bills, invoices, and charge reflecting damages you are claiming for aircraft

1  leasing charges, reflecting the dates on which each such charge was incurred, now it resulted
2  from the Incident, and an explanation of why it was necessarily incurred.

3  **RESPONSE:**

4      *See* FRONTIER000117–119, 778, 842

6  **REQUEST NO. 15:**

7      All reports, invoices, estimates, communications, or other documents reflecting or
8  describing the process of conducting repairs and maintenance checks on the Aircraft
9  following the Incident, including the process of deciding whether to conduct maintenance
10 checks at the same time as, weeks after, or months after the aircraft repairs were conducted.

11 **RESPONSE:**

12     *See* FRONTIER000099–116, 1354–1771

14 **REQUEST NO. 16:**

15     Any reports, memoranda, documents and/or materials of any type in the claims files
16 of any insurance company making payment to you for the injuries or damages sustained in
17 the Incident that contain information concerning the Incident or the damages alleged.

18 **RESPONSE:**

19     As of the date of this response, Frontier is not aware of any document responsive to
20 Request No. 16.

21     Moreover, to the extent that Defendant seeks documents in an insurance company's
22 files, Frontier objects to the request insofar as such documents are not in Frontier's
23 "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).

25 **REQUEST NO. 17:**

26     Any estimates, findings and/or reports reflecting the nature of the repairs and
27 maintenance checks performed from April through August of 2018, and the reasons why
28 such repairs and maintenance checks were not completed prior to June 2018.

4849-6639-6630

- 8 -

**RESPONSE:**

*See* response to Request No. 15

**REQUEST NO. 18:**

Copies of all insurance policies, excess policies, or any other policies of whatever nature in effect on the date of the Incident which cover you.

**RESPONSE:**

Frontier is not aware of any of its own insurance policies that cover Frontier for the damages incurred as a result of Defendant's damage to Frontier's aircraft at issue in this lawsuit. Frontier believes that one or more of Defendant's insurers might be responsible for covering Frontier's damages, but any such insurance policies would be in the possession of Defendant and/or its insurers.

To the extent that Defendant seeks any insurance policy that covers Frontier for any type of loss unrelated to this case, Frontier objects under Rule 26(b)(1) that the request is not relevant to any claim or defense, and the burden or expense of identifying every single insurance policy under which Frontier might be covered for some type of loss unrelated to this case would outweigh the likely benefit of such information.

**REQUEST NO. 19:**

Any incident, claim, injury, or investigative reports or written complaints regarding the Incident.

**RESPONSE:**

*See* FRONTIER000079–125

**REQUEST NO. 20:**

All documents identified or otherwise referenced in your answers to Defendant's First Set of Interrogatories to Plaintiff.

**RESPONSE:**

The documents identified and referenced in Frontier's responses to Defendant's interrogatories are identified in those responses.

**REQUEST NO. 21:**

Any other documentation upon which you rely in asserting the claims in the Complaint.

**RESPONSE:**

Frontier reserves the right to rely on any document produced in this case in asserting its claims.

DATED this 19th day of February, 2021.

SNELL & WILMER L.L.P.

By: *s/Matt Jarvey*
Adam E. Lang
Matt Jarvey
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
*Attorneys for Plaintiff Frontier Airlines, Inc.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 19, 2021, I emailed and mailed via U.S. Mail the attached document to the following:

J. Gary Linder
Jones, Skelton & Hochuli, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, AZ 85004

*Attorneys for Defendant Menzies Aviation (USA), Inc.*

 *s/ Kathy Sprinkle*

4849-6639-6630