# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frontier Airlines Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Menzies Aviation (USA) Incorporated,<br><br>Defendant. | No. CV-20-01432-PHX-ESW<br><br>**ORDER** |

Pending before the Court is the "Motion for Extension of Discovery Deadlines" (Doc. 55) filed by Menzies Aviation (USA), Inc. ("Menzies" or "Defendant"). Frontier Airlines, Inc. ("Frontier" or "Plaintiff") has filed a Response (Doc. 62), to which Defendant has replied (Doc. 63). For the reasons discussed below, the Court will deny Defendant's Motion (Doc. 55).

## I. LEGAL STANDARDS

A Rule 16 scheduling order may be "modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting FED. R. CIV. P. 16 advisory committee's notes (1983 amendment)) (citations omitted). "[C]arelessness is not compatible with a finding of diligence and offers

no reason for a grant of relief." *Id.* (citations omitted). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* (citation omitted). "If that party was not diligent, the inquiry should end." *Id.* The party seeking to continue or extend the deadlines bears the burden of proving good cause. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002).

## II. DISCUSSION

Plaintiff brings negligence and breach of contract claims against Defendant. (Doc. 16). According to the Amended Complaint, the parties entered into an agreement in which Defendant was to provide ground handling services for Plaintiff at the Phoenix Sky Harbor Airport. (Doc. 16 at 2, ¶ 6). Plaintiff alleges that in April 2018, an aircraft that it was leasing was damaged when a Menzies employee caused a belt loader to collide into the aircraft (referred to herein as the "Incident"). (*Id.*, ¶ 7). The Amended Complaint states that Plaintiff had to lease another aircraft while the damaged aircraft was being repaired and that Plaintiff "also incurred other costs related to the Mishap." (*Id.*, ¶¶ 11, 12). Plaintiff alleges that Defendant failed to fulfill its contractual obligation to indemnify Plaintiff for its damages and losses arising from the Incident. (*Id.*, ¶ 17).

On September 18, 2020, the Court issued a Case Management Order (Doc. 26) setting February 26, 2021 as the discovery deadline.[1] Nearly four months later, on January 12, 2021, Defendant propounded its first discovery requests on Plaintiff. (Doc. 35). On January 13, 2021, the parties filed a Stipulation requesting that the Court extend the discovery deadline to April 23, 2021. (Doc. 36). The Court granted the parties' request. (Doc. 37).

On April 23, 2021, Defendant filed the pending Motion (Doc. 55) seeking an additional two months to complete fact discovery. In support of its pending Motion for Extension, Defendant asserts that there was a "late-January surprise" with respect to

---

[1] Defendant removed this action from the Superior Court of Arizona in and for Maricopa County on July 20, 2020. (Doc. 1). Plaintiff subsequently filed an Amended Complaint (Doc. 16), which Defendant answered on August 26, 2020 (Doc. 23).

Plaintiff's alleged damages. (Doc. 63 at 2). Defendant states:

> On January 25, 2021, Frontier completely and unexpectedly changed its theory of damages. Frontier shifted its focus away from allegedly having to lease another plane, and instead focused on the supposedly delayed return of the damaged plane to the lessor, which purportedly included "extra costs Frontier incurred in the lease-return process due to the damage to the aircraft." [Doc 55-3 at pp. 8, 10; see also Doc. 55-4 at p. 16.]

(*Id.*). On January 25, 2021, Plaintiff also disclosed that James Mach, the Director of Maintenance for Frontier, is likely to have discoverable information. (Doc. 55-3 at 10). Plaintiff specified that:

> [Mr. Mach] has information regarding the nature and extent of the damage done to the Frontier aircraft at issue, as well as the costs associated with that damage. . . . **He also has information related to the extra lease costs that Frontier incurred as a result of the aircraft damage.** He has information about the process that an aircraft must undergo before it is to be returned to a lessor under an aircraft lease, and the delay in returning the aircraft at issue because repairs had to be completed, which then delayed the return of the aircraft. Mr. Mach has information related to his communications with the aircraft's lessor regarding the lease-return process.

(*Id.*) (emphasis added). In addition, Plaintiff disclosed on January 25, 2021 that Sharath Sashikumar, Frontier's Treasury Manager, has information related to the extra lease costs. (*Id.* at 8). On February 19, 2021, in response to Defendant's Interrogatory No. 2, Plaintiff identified Elias Sanchez as a Frontier mechanic who witnessed the Incident. (Doc. 55-5 at 3).

Defendant noticed Mr. Mach and Mr. Sashikumar's depositions on March 8, 2021. (Docs. 45, 46). Defendant noticed Mr. Sanchez's deposition on March 10, 2021. (Doc. 51). During his April 6, 2021 deposition, Mr. Mach testified that although he was responsible for getting the damaged aircraft repaired, he was not physically present while the maintenance and repairs were being conducted. (Doc. 55-7 at 3). Mr. Mach stated that Frontier's Senior Manager of Maintenance, Thom DeMint, was present at the facility at which the aircraft was repaired. (*Id.*). Defendant seeks an extension of the discovery

deadline so that it may depose Mr. DeMint.

Defendant also seeks to depose an unnamed Frontier employee who, according to Mr. Sanchez's testimony at his April 7, 2021 deposition, was acting in a managerial capacity and was at or near the location of the Incident. (Doc. 55 at 16; Doc. 55-13 at 3). Mr. Sanchez was unable to recall that employee's name. (Doc. 55-13 at 3).

Finally, Defendant contends that the discovery deadline must be extended to allow it to discover any relevant documents that may be in Mr. DeMint or the unnamed Frontier employee's "possession or otherwise accessible to Frontier relating to the simultaneous performance of the aircraft's routine maintenance and accident-related repairs." (Doc. 63 at 11).

Defendant's Motion is primarily predicated on its assertion that it discovered new information at Mr. Mach and Mr. Sanchez's depositions taken approximately two weeks before the discovery deadline. After reviewing the parties' briefing, the Court does not find that Defendant has shown sufficient explanation or justification for the delay in noticing the depositions. Moreover, although Defendant contends that "the nature of Frontier's claimed lease-related damages remained unclear well into the discovery period" (Doc. 55 at 7), Plaintiff's October 9, 2020 Initial Disclosure Statement provided that its "associated costs for aircraft lease rental" were (i) $102,536.17 in June 2018; (ii) $353,749.78 in July 2018; and (iii) $307,608.50 in August 2018. (Doc. 55-2 at 9). Those figures were unchanged in Plaintiff's Second and Third Supplemental Disclosure Statements. (Doc. 55-3 at 15; Doc. 55-4 at 16). The Court is not persuaded by Defendant's contention that Plaintiff made a "surprise change in damages theories" in January 2021. (Doc. 63 at 5). To the extent Defendant found Plaintiff's October 9, 2020 damages disclosure vague or unclear, Defendant has not explained why it did not promptly propound discovery to understand the precise nature of the purported lease expenses or raise the issue with the Court.

Defendant has not shown that the April 23, 2021 discovery deadline could not have been met despite the diligence of Defendant. Defendant has not satisfied its burden of

showing good cause to extend the discovery deadline. *See e.g., Coe v. Schaeffer*, No. 2:13-CV-00432-KJM, 2015 WL 3795647, at *2 (E.D. Cal. June 17, 2015) ("Coe delayed depositions and requests for production until the month before the discovery deadline. Although she made efforts to schedule depositions starting approximately two months before the deadline, waiting until that late date risked running up against the deadline empty-handed."); *Dunfee v. Truman Capital Advisors, LP*, No. 12-CV-1925-BEN DHB, 2013 WL 5603258, at *3 (S.D. Cal. Oct. 11, 2013) (denying plaintiffs' request for extension of the discovery cutoff where plaintiffs waited until approximately the last two weeks before the discovery cutoff to seek dates to conduct depositions as "[w]aiting until the final two weeks of the discovery period to commence discovery efforts cannot be viewed as having pursued discovery with diligence"). The Ninth Circuit has noted that efforts to foster the efficient treatment and resolution of cases "will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Based on the foregoing,

**IT IS ORDERED** denying Defendant's "Motion for Extension of Discovery Deadlines" (Doc. 55).

Dated this 26th day of May, 2021.

Honorable Eileen S. Willett
United States Magistrate Judge