Adam E. Lang (#022545)
Matt Jarvey (#031350)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: alang@swlaw.com
        mjarvey@swlaw.com
*Attorneys for Plaintiff Frontier Airlines, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Frontier Airlines, Inc., | No. 2:20-cv-01432-ESW |
|---|---|
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO FILE CERTAIN EXHIBITS TO STATEMENT OF FACTS IN SUPPORT OF DEFENDANT MENZIES AVIATION (USA), INC.'S MOTION FOR SUMMARY JUDGMENT UNDER SEAL** |
| v. | |
| Menzies Aviation (USA), Inc., | |
| Defendant. | |

Plaintiff Frontier Airlines, Inc. ("Frontier") hereby stipulates to and joins in Defendant's Motion to File Certain Exhibits to Statement of Facts in Support of Defendant Menzies Aviation (USA), Inc.'s Motion for Summary Judgment Under Seal ("Motion"). Doc. 67. Defendant's Motion seeks permission to file under seal four exhibits—Exhibits A, B, C, and F—to Defendant's Statement of Facts (Doc. 66). Those exhibits comprise excerpts from documents that Frontier has designated as "Confidential" pursuant to the Court's Protective Order. Doc. 31. Pursuant to the Protective Order and LRCiv 5.6, good cause exists to seal the exhibits because they contain confidential financial information, contract terms, and security information, which, if made public, would either place Frontier at a competitive disadvantage in negotiating future contracts with vendors or aircraft lessors,

4817-9821-3118

or contravene federal regulations protecting sensitive aviation security information. Doc. 31 ¶ 8.

The four exhibits at issue should remain confidential for the particular reasons set forth below:

- **Exhibits A & B.** Exhibits A and B are excerpts from documents that together constitute Frontier's contract with its ground-handing-services ("GHS") vendor for Phoenix Sky Harbor Airport, Defendant Menzies Aviation (USA), Inc. ("Menzies"). Frontier contracts with various GHS vendors at numerous airports to perform particular services for Frontier (e.g., ticketing, baggage loading, aircraft towing)—all pursuant to separate GHS contracts. The GHS contract with Menzies contains sensitive financial and other business terms including: the particular services Frontier is willing to contract for; the prices, bonuses, and discounts Frontier is willing to pay Menzies in reflection of its performance of the services; and numerous other terms that affect the cost of entering into GHS contracts (e.g., terms related to insurance obligations and allocating indemnity and liability risk). These contracts are the subjects of competitive bidding processes, and publicly disclosing the terms of one such contract would place Frontier at a competitive disadvantage in negotiating favorable terms in future GHS contracts with other GHS vendors. Frontier and Menzies agreed to keep confidential the terms of the GHS contract at issue and Exhibits A and B were produced subject to that agreement. Ex. A ¶ 16.

- **Exhibit C.** Exhibit C is an excerpt from Frontier's Ground Services Manual, which is a manual that details safety and security protocols related to GHS operations. The manual is issued pursuant to Federal Aviation Administration regulations. *See* 14 C.F.R. §§ 121.133(a), 121.135(b)(2). The manual contains sensitive security information ("SSI"), as defined by federal regulations, which is required to be protected against unauthorized disclosure. *See* 49 C.F.R. § 15.5(b)(8) & (10) (aviation security measures and training materials constitute SSI); *id.* § 15.9 (restrictions on disclosure of SSI); *see also* 49 C.F.R. §§ 1520.5, 1520.9.

- **Exhibit F.** Exhibit F is an excerpt from Frontier's lease agreement for the aircraft that is the subject of this case. Like the GHS contract, discussed above, the aircraft lease contains sensitive financial and other business terms—e.g., terms related to rent, maintenance and repair obligations, indemnity, warranties, and insurance (to name only a few). These leases are complex and reveal the obligations and concessions (i.e., costs, like the lease-penalty costs excerpted) Frontier might be willing to accept in leasing aircraft. Publicly disclosing such information would put Frontier at a competitive disadvantage in negotiating terms with future aircraft lessors. This is particularly true for Frontier because it leases *all* aircraft in its fleet, which means that Frontier routinely negotiates new leases and that lease costs are a significant component of Frontier's expenses. Moreover, the parties to the lease, which, other than Frontier, are not a party to this litigation, agreed to keep confidential the terms of the lease.[1]

Courts have routinely held that a business's sensitive financial information or other information of competitive value, like the types of information in the exhibits at issue, may appropriately be protected from public disclosure. *See, e.g.*, *Cox v. Roadrunner Intermodal Servs., LLC*, No. 117CV01056DADBAM, 2019 WL 3202922, at *2 (E.D. Cal. July 16, 2019) (collecting cases); *Blackhawk Network Inc. v. SL Card Co. Inc.*, No. CV-21-00813-PHX-MTL, 2021 WL 2779497, at *2 (D. Ariz. July 2, 2021) (holding that "public disclosure of this confidential pricing information would cause Plaintiff competitive harm such that Plaintiff has demonstrated compelling reasons for sealing the information"); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2011 WL 6182346, at *5 (D. Ariz. Dec. 13, 2011) (granting motion to seal on the grounds that a party "could suffer harm from the disclosure of" sensitive "customer and pricing information," among other information). The Court should extend the same protection to the exhibits at

---

[1] The excerpted portion of the lease agreement in Ex. F does not include the confidentiality provision (§ 15.17), but it does include the index, which references that provision. *See* Ex. F at iv. Frontier simply references that provision rather than filing a separate excerpt containing the provision, which Frontier would then also have to seek to file under seal. If, however, the Court wishes to review that provision, Frontier would be happy to submit it under seal or for *in camera* review, as the Court might order.

4817-9821-3118

- 3 -

issue here.

Because the exhibits at issue contain sensitive financial, competitive, and security information, and because the parties agree that the exhibits are subject to being filed under seal, the Court should order that Exhibits A, B, C, and F to Defendant's Statement of Facts be filed under seal.

DATED this 12th day of October, 2021.

                                      SNELL & WILMER L.L.P.

                              By: *s/Matt Jarvey*
                                   Adam E. Lang
                                   Matt Jarvey
                                   One Arizona Center
                                   400 E. Van Buren, Suite 1900
                                   Phoenix, Arizona 85004-2202

                                   *Attorneys for Plaintiff Frontier Airlines, Inc.*

4817-9821-3118

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

 *s/Kathy Sprinkle*

4817-9821-3118