WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frontier Airlines Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Menzies Aviation (USA) Incorporated,<br><br>Defendant. | No. CV-20-01432-PHX-ESW<br><br>**ORDER** |

Frontier Airlines Incorporated ("Plaintiff") brings negligence and breach of contract claims against Menzies Aviation (USA), Inc. ("Defendant"). (Doc. 16). Defendant has moved for summary judgment. The Court has reviewed Defendant's Amended Memorandum (Doc. 71) and Statement of Facts (Docs. 66, 87), Plaintiff's Response (Doc. 79) and Controverting Statement of Facts (Docs. 80, 84), and Defendant's Reply (Docs. 85). For the reasons discussed below, the Court will grant summary judgment in Defendant's favor as set forth herein.

## I. LEGAL STANDARDS

Summary judgment is appropriate if the evidence, when reviewed in a light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

It is undisputed that the parties entered into a valid contract, and that pursuant to the choice of law provision in that contract, Delaware law governs the interpretation of the provisions therein. (Doc. 66, ¶ 9; Doc. 80, ¶ 9). "In Delaware, the interpretation of contracts is a matter of law for the court to determine." *Cont'l Warranty, Inc. v. Warner*, 108 F.Supp.3d 256, 259 (D. Del. 2015). The court "give[s] priority to the intention of the parties" and "start[s] by looking to the four corners of the contract to conclude whether the intent of the parties can be determined by its express language." *Paul v. Deloitte & Touche, LLP*, 974 A.2d 140, 145 (Del. 2009) (internal citations omitted). "In upholding the intentions of the parties, a court must construe the agreement as a whole, giving effect to all provisions therein." *E.I. du Pont de Nemours and Co. v. Shell Oil Co.*, 498 A.2d 1108, 1113 (Del. 1985). "The meaning inferred from a particular provision cannot control the meaning of the entire agreement if such an inference conflicts with the agreement's overall scheme or plan." *GMG Capital Invs., LLC v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 779 (Del. 2012)

## II. DISCUSSION

### A. Background

The parties entered into a Standard Ground Handling Agreement in which Defendant was to provide ground handling services for Plaintiff at the Phoenix Sky Harbor Airport. It is undisputed that on April 1, 2018, a piece of equipment operated by one of Defendant's employees struck an Airbus A319 that Plaintiff was leasing from SMBC (the "Aircraft"). (Doc. 66, ¶¶ 1, 23; Doc. 80, ¶¶ 1, 23). Under the terms of the lease, Plaintiff was required to return the Aircraft to SMBC in June 2018. (Doc. 66, ¶ 24; Doc. 80, ¶ 24). The lease set forth additional rental fees to be paid if Plaintiff failed to timely return the Aircraft.[1] (Doc. 66, ¶ 47; Doc. 80, ¶ 47). Following maintenance checks and repairs, Plaintiff returned the Aircraft to SMBC approximately three months late, in September 2018. (Doc. 66, ¶ 50; Doc. 80, ¶ 50). As a result, SMBC imposed fees and penalties

---

[1] The lease required Plaintiff to pay the base rent for the first ten days after the agreed return date, an additional 15 percent of the base rent for the next 30 days, and an additional 50 percent for any additional days. (Doc. 66, ¶ 47; Doc. 80, ¶ 47).

totaling $763,894.45 (referred herein as the "Lease Penalties"). (Doc. 66, ¶¶ 52, 53; Doc. 80, ¶¶ 52, 53). Plaintiff seeks recovery of the Lease Penalties, along with repair costs totaling $622,680.69, flight operation costs totaling $16,642.97, and its attorney's fees in bringing this action. The parties dispute whether Defendant is contractually obligated to pay the Lease Penalties and Plaintiff's attorney's fees.

The parties' Standard Ground Handling Agreement consists of three parts: (i) a Main Agreement; (ii) Annex A, which provides a description of services; and (iii) Annex B, which sets forth the agreed upon services and charges (all three parts are collectively referred to herein as the "Agreement"). (Doc. 84 at 3). The contractual provisions relevant to Defendant's Motion for Summary Judgment are Paragraphs 4.1 and 4.3 of Annex B. Paragraph 4.1 of Annex B provides:

> Sub-Article 8.5 of the Main Agreement is modified to read in full as follows:
>
> Notwithstanding Sub-Article 8.1, the Handling Company shall indemnify, defend and hold harmless the Carrier from and against any and all claims, damages, losses, fines, civil penalties, liabilities, judgments, costs and expenses of any kind or nature whatsoever, including, but not limited to, interest, court costs and attorney's fees, which in any way arise out of or result from any act(s) or omission(s) by the Handling Company (or anyone directly or indirectly employed by the Handling Company or anyone for whose acts the Handling Company may be liable) in the performance or non-performance of services under this Annex B, except where such acts or omissions were instructed or authorized by Carrier in writing, including but not limited to:
> • Death of or injury to any person or persons;
> • False arrest, detention, imprisonment, searches or malicious prosecution;
> • Libel, slander and/or defamation of character;
> • Violations of the right of privacy; or
> • The loss, theft, damage or destruction of property, including the property of the Carrier, the Handling Company and third persons.

(Doc. 87-1 at 18).

Paragraph 4.3 of Annex B provides:

> UNLESS SPECIFICALLY PERMITTED BY THIS AGREEMENT, NEITHER PARTY SHALL BE LIABLE TO THE OTHER PARTY FOR ANY INDIRECT, INCIDENTAL, PUNITIVE, CONSEQUENTIAL OR EXEMPLARY DAMAGES, INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF REVENUE OR LOST PROFITS, ARISING FROM ANY PROVISION OF THIS AGREEMENT, EVEN IF SUCH PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES, AND EACH PARTY HEREBY RELEASES AND WAIVES ANY CLAIMS AGAINST THE OTHER PARTY REGARDING SUCH DAMAGES.

(*Id.* at 18-19) (emphasis in original).

### B. Consequential Damages

#### 1. The Agreement Precludes Consequential Damages

Defendant asserts that Paragraph 4.3 of Annex B precludes consequential damages. (Doc. 71 at 10-18). In response, Plaintiff emphasizes that Paragraph 4.3 states that such damages are available if "specifically permitted" by the Agreement. (Doc. 79 at 3). Plaintiff contends that the language contained in Paragraph 4.3 stating that "any and all claims, damages, . . . and expenses of any kind or nature whatsoever . . . which in any way arise out of or result from any act(s) or omission(s) by the Handling Company . . . ." extends Defendant's indemnity obligations to any damages causally connected to Defendant's performance of its contractual services. (*Id.* at 7). The Court does not find that that the general and broad language "any and all" and "of any kind or nature whatsoever" constitutes a specific permission of consequential damages. In addition, the Court concurs with Defendant that Plaintiff's construction would render the last part of Paragraph 4.3 superfluous: "EACH PARTY HEREBY RELEASES AND WAIVES ANY CLAIMS AGAINST THE OTHER PARTY REGARDING SUCH [CONSEQUENTIAL] DAMAGES." (Doc. 85 at 7) (emphasis in original).

Reading Paragraphs 4.1 and 4.3 together, and noting that the entirety of Paragraph 4.3 is typed in capital letters, the Court does not find that Paragraphs 4.1 and 4.3 are reasonably susceptible to Plaintiff's construction. The Court concludes that Paragraph 4.3

precludes Plaintiff from recovering consequential damages from Defendant in this action.

**2. Plaintiff's Lease Penalties are Consequential Damages**

"Consequential damages" is not a defined term under the Agreement. In such cases, courts have relied on the definition in Black's Law Dictionary, which defines consequential damages as "[l]osses that do not flow directly and immediately from an injurious act but that result indirectly from the act." *Brace Indus. Contracting, Inc. v. Peterson Enterprises, Inc.*, No. CV 11189-VCG, 2016 WL 6426398, at *13 (Del. Ch. Oct. 31, 2016); *see also SLH Gen. Contractor, Inc. v. Ambience Inc.*, No. CPU4-19-001661, 2020 WL 1130325, at *5 (Del. Com. Pl. Mar. 4, 2020) (explaining that consequential damages "are those that result naturally but not necessarily from the wrongful act, because they require the existence of some other contract or relationship.").

Here, the terms of Plaintiff's lease with SMBC for the Aircraft led to consequential, not direct, damages in the form of the Lease Penalties. The Court grants summary judgment in Defendant's favor on Plaintiff's claim that the Lease Penalties are recoverable under the Agreement.

**C.  Attorney's Fees**

Defendant also seeks summary judgment on Plaintiff's claim that its attorney's fees incurred in this action are recoverable under the Agreement and pursuant to ARIZ REV. STAT. § 12-341.01. (Doc. 71 at 18-20). Plaintiff relies on Paragraph 4.1 of Annex B in asserting its claim for attorney's fees under the Agreement. To reiterate, Paragraph 4.1 provides that "the Handling Company shall indemnify, defend and hold harmless the Carrier from and against any and all claims . . . and expenses of any kind or nature whatsoever, including, but not limited to, interest, court costs and attorney's fees . . . ." (Doc. 87-1 at 18).

"It has long been the practice of American courts to enforce the so-called 'American Rule'—which requires each party to pay his or her own legal costs, even the prevailing party." *Sternberg v. Nanticoke Mem'l Hosp., Inc.*, 62 A.3d 1212, 1218 (Del. 2013). An exception is where the parties have agreed to shift fees contractually. *Mahani v. Edix*

*Media Grp., Inc.*, 935 A.2d 242, 245 (Del. 2007). "Indemnification provisions are presumed not to require reimbursement for attorneys' fees incurred as a result of substantive litigation between the parties to the agreement absent a clear and unequivocal articulation of that intent." *Nasdi Holdings, LLC v. North American Leasing, Inc.*, No. 2017-0399-KSJM, 2020 WL 1865747, at *5 (Del.Ch. Apr. 13, 2020) (internal quotation marks and citation omitted); *see also Deere & Co. v. Exelon Generation Acquisitions*, LLC, No. CVN13C07330MMJCCLD, 2016 WL 6879525, at *1 (Del. Super. Ct. Nov. 22, 2016) ("The fee-shifting provision must be a clear and unequivocal agreement in connection with a dispute between parties involving a failure to fulfill obligations under the contract."). "The Court should not interpret indemnification provisions in an expansive way that would be inconsistent with the American Rule." *Ashland LLC v. Samuel J. Heyman 1981 Continuing Tr. for Heyman*, No. CVN15C10176EMDCCLD, 2020 WL 6582958, at *6 (Del. Super. Ct. Nov. 10, 2020) (internal quotation marks and citation omitted). "[A] party is not entitled to attorneys' fees under an indemnification provision when there is no specific language in the indemnification provision . . . that covers fee-shifting." *Id.* (internal quotation marks and citation omitted). "[T]here is little case law from [Delaware] courts regarding application of broad indemnification terms to inter-party litigation fees." *Great Hill Equity Partners IV, LP v. SIG Growth Equity Fund I, LLLP*, No. CV 7906-VCG, 2020 WL 7861336, at *5 (Del. Ch. Dec. 31, 2020)

      The Court does not find that Paragraph 4.1 contains a "clear and unequivocal articulation" of an intent to require reimbursement for attorneys' fees incurred as a result of inter-party litigation. *Nasdi Holdings, LLC*, 2020 WL 1865747 at *5. The Court grants summary judgment on Defendant's claim that Plaintiff may not seek an award of its attorney's fees incurred in this action under the Agreement. The Court also grants summary judgment on Defendant's claim that Plaintiff may not seek an award of its attorney's fees under Ariz. Rev. Stat. § 12-341.01 as it is undisputed that Delaware law governs the Agreement. *See Aspect Sys., Inc. v. Lam Rsch. Corp.*, No. CV 06-1620-PHX-NVW, 2009 WL 1390837, at *12 (D. Ariz. May 15, 2009) (concluding that plaintiff may

not be awarded attorney's fees pursuant to ARIZ REV. STAT. § 12-341.01 where California law was the governing law of the parties' agreement); *Century 21 Real Est. Corp. v. Motlagh*, No. CV-03-2353-PHX-DGC, 2007 WL 778184, at *2 (D. Ariz. Mar. 12, 2007) (declining to address whether plaintiff was entitled to attorney's fees under ARIZ REV. STAT. § 12-341.01 given the choice-of-law provision in the parties' contract stating that New Jersey law governs).

### D. Economic Loss Rule

The "economic loss rule" formulated by the Arizona courts "bars a party from recovering economic damages in tort unless accompanied by physical harm, either in the form of personal injury or secondary property damage." *Carstens v. City of Phoenix*, 75 P.3d 1081, 1083 (Ariz. Ct. App. 2003), *overruled on other grounds by Flagstaff Affordable Housing, L.P. v. Design All., Inc.*, 223 P.3d 664 (Ariz. 2010). This rule is based on the premise that "contract law and tort law each protect distinct interests. Generally, contract law enforces the expectancy interests between contracting parties and provides redress for parties who fail to receive the benefit of their bargain . . . . Tort law, in contrast, seeks to protect the public from harm to person or property." *Id.* at 1084. Thus, the economic loss rule "clarifies that economic losses cannot be recovered under a tort theory." *Id.* (internal quotation marks and citation omitted). "The principal function of the economic loss doctrine . . . is to encourage private ordering of economic relationships and to uphold the expectations of the parties by limiting a plaintiff to contractual remedies for loss of the benefit of the bargain." *Flagstaff Affordable Hous. Ltd. P'ship v. Design All., Inc.*, 223 P.3d 664, 671 (2010).

Here, Plaintiff does not allege physical injury to a person or any property other than the Aircraft. Limiting Plaintiff to its contract remedies "would serve the important policy, recognized in *Flagstaff*, 'of encouraging parties to [commercial] contracts to allocate risk prospectively and identify remedies within their agreements[.]'" *Greyhound Lines Inc. v. Viad Corp.*, No. CV-15-01820-PHX-DGC, 2016 WL 6833938, at *8 (D. Ariz. Nov. 21, 2016) (citation omitted); *see also Int'l Franchise Sols. LLC v. BizCard Xpress LLC*, No.

CV13-0086 PHX DGC, 2013 WL 2152549, *3 (D. Ariz. May 16, 2013) (applying the economic loss doctrine to bar tort claims alleging negligence and negligent misrepresentation in the carrying out of a franchise agreement, finding that "[t]he contract law policy of upholding the expectations of the parties would be undermined by allowing BizCard's tort claims to proceed"). The Court concludes that the economic loss doctrine applies and grants Defendant's Motion for Summary Judgment (Doc. 71) as to Plaintiff's negligence claim.

### III.  CONCLUSION

Based on the foregoing,

**IT IS ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 71) as set forth herein.

Dated this 7th day of January, 2022.

                                                  Honorable Eileen S. Willett
                                                  United States Magistrate Judge